Soheyl Tahsildoost (Bar No. 271294)
Sarah Suard (Bar No. 360280)
THETA LAW FIRM, LLP
12100 Wilshire Blvd. Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Tesla, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHACHATUR VARDANYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.:  2:25-cv-6481<br>[Los Angeles County Superior Court Case No. 25NNCV04044]<br><br>**DEFENDANTS TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**<br><br>Complaint Filed:   June 12, 2025 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Tesla, Inc. ("TESLA"), by its undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.  Defendants state as follows:

**Jurisdiction and Authority for Removal**

1)   On June 12, 2025, an action was commenced by Plaintiff KHACHATUR VARDANYAN ("Plaintiff") against Defendants TESLA in the Superior Court of the State of California for the County of Los Angeles, entitled "KHACHATUR VARDANYAN v. TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive" ("State Court

1

Case"), Case No. 25NNCV04044. The summons and Complaint were served on TESLA on June 16, 2025. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on Defendant MBUSA in the State Court Case, including a copy of the conformed State Court Case Complaint.

3) The Central District of California encompasses Los Angeles County. Venue is appropriate based on the fact that this action was filed in Los Angeles County and based on the allegations in the Complaint in the State Court Case.

4) The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331, because the second and third causes of action arises under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and satisfy the necessary amount in controversy under that statute.

5) Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).

6) This Court has original jurisdiction of Plaintiff's second, third, and fourth causes of action since these causes of action arises under a federal statute, i.e. 15 U.S.C. § 2301 et seq., otherwise known as the Magnuson-Moss Warranty Act.

7) 15 U.S.C. § 2310(d)(l)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district Court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (l)(B) of this subsection ... if the amount in controversy is less than the sum or value of $50,000.00

2

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF SARAH SUARD**

(exclusive of interest and costs) computed on the basis of all claims to be determined in this suit ... "15 U.S.C. § 2310(d)(3)(B).

8) Here, the amount in controversy exceeds $50,000.00. Per the Complaint, Plaintiff specifically seeks $ $115,013.63 in actual damages as well as incidental and consequential damages and attorneys' fees and costs of suit. (Exhibit A – Complaint, p. 27:1-2 "Prayer for Relief".) Based on the damages alleged in the Complaint, the amount in controversy is well in excess of $50,000.00 in monetary damages even excluding attorneys' fees.

9) Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See Id.; Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue*, *Inc*., 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc*., 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc*., 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. *Id*. Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. *See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-*

3

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF SARAH SUARD**

*Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

10) Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

Dated: July 16, 2025   THETA LAW FIRM, LLP

/s/ Sarah Suard

Sarah Suard
Attorney for Defendant TESLA, INC.

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF SARAH SUARD**

# DECLARATION OF SARAH SUARD

I, Sarah Suard, declare as follows:

1. I am an associate in the law firm of Theta Law Firm, LLP, attorneys of record for Defendant Tesla, Inc. ("TESLA"). This declaration is offered in support of Defendant's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1331, 1441 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. Defendant TESLA was served with Plaintiff's Summons and Complaint on June 16, 2025. A true and correct copy of all the documents served on Defendant MBUSA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 16, 2025 at Los Angeles, California.

s/ Sarah Suard
Sarah Suard

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF SARAH SUARD**

# PROOF OF SERVICE

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 12100 Wilshire Blvd. Suite 1070 Los Angeles, CA 90025. My Eservice address is: eservice@thetafirm.com. On **July 16, 2025,** I served the following documents described as **DEFENDANTS TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF SARAH SUARD,** as follows:

| |
|---|
| THE MARGARIAN LAW FIRM<br>462 West Colorado Street<br>Glendale, California 91204<br>Telephone Number: (818) 553-1000<br>Facsimile Number: (818) 553-1005<br>hovanes@margarianlaw.com<br>office@margarianlaw.com |

☐ BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **July 16, 2025** at Los Angeles, California.

/s/ Katherine Kim
Katherine Kim

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF SARAH SUARD**