# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/16/2025
CT Log Number 549395513

## Service of Process Transmittal Summary

**TO:** LEGAL DEPARTMENT - SOP
TESLA, INC.
C/O LEGAL DEPT, 3000 HANOVER ST.
PALO ALTO, CA 94304

**RE:** **Process Served in California**

**FOR:** Tesla, Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: KHACHATUR VARDANYAN, an individual // To: Tesla, Inc.

**DOCUMENT(S) SERVED:** Complaint, Exhibit(s), Letter, Summons, Notice, Statement, First Amended General Order, Order, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement, Attachment(s)

**COURT/AGENCY:** Los Angeles County - Superior Court - Alhambra, CA
Case # 25NNCV04044

**NATURE OF ACTION:** Product Liability Litigation - Lemon Law - 2023 Tesla Model Y bearing the Vehicle Identification Number 7SAYGDEE0PA028077

**PROCESS SERVED ON:** C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:** By Process Server on 06/16/2025 at 11:17

**JURISDICTION SERVED:** California

**APPEARANCE OR ANSWER DUE:** Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates)

**ATTORNEY(S)/SENDER(S):** Hovanes Margarian
THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, CA 91204
818-553-1000

**ACTION ITEMS:** CT has retained the current log, Retain Date: 06/17/2025, Expected Purge Date: 06/22/2025

Image SOP

Email Notification, LEGAL DEPARTMENT - SOP legalsop@tesla.com

**REGISTERED AGENT CONTACT:** C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8775647529
MajorAccountTeam2@wolterskluwer.com

**REMARKS:** The document(s) received have been modified to reflect the name of the entity being served.



**CT Corporation**
**Service of Process Notification**
06/16/2025
CT Log Number 549395513

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jun 16, 2025
**Server Name:** DROP SERVICE

| Entity Served | TESLA INC |
|---|---|
| Case Number | 25NNCV04044 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Hovanes Margarian, SBN 246359
hovanesm@margarianlaw.com
Armen Margarian, SBN 313775
armenm@margarianlaw.com
Shushanik Margarian, SBN 318617
shushanik@margarianlaw.com
THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff
KHACHATUR VARDANYAN

Electronically FILED by Superior Court of California, County of Los Angeles 6/12/2025 4:48 AM David W. Slayton, Executive Officer/Clerk of Court, By D. Gallegos, Deputy Clerk

06/16/25
10:15 am

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**THE COUNTY OF LOS ANGELES, NORTHEAST JUDICIAL DISTRICT**

KHACHATUR VARDANYAN, an individual,

Plaintiff,

vs.

TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive,

Defendants.

Case No.: 25NNCV04044

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

///

///

///

///

///

///

///

///

///

///

///

## COMPLAINT

NOW COMES Plaintiff KHACHATUR VARDANYAN, by and through his attorneys of record, The Margarian Law Firm, with Plaintiff's Complaint for Damages against Defendants TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive, alleges and affirmatively states as follows:

## PARTIES

1. Plaintiff KHACHATUR VARDANYAN is and was at all times relevant herein an individual residing in Los Angeles County, State of California and leased the new 2023 Tesla Model Y bearing the Vehicle Identification Number 7SAYGDEE0PA028077 ("Subject Vehicle") in the State of California.

2. Defendant TESLA, INC. ("Manufacturer" or "Defendant"), formerly known as Tesla Motors, Inc., is a Texas Corporation authorized to do business in the State of California and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Manufacturer is also in the business of marketing, supplying, and selling written warranties to the public, Manufacturer does business in all counties of the State of California, including the county of Alameda, at 45500 Fremont Boulevard, Fremont, CA 94538.

3. Manufacturer, and DOES 1 through 30, inclusive, are collectively hereby referred to as Defendants.

## BACKGROUND

4. On or about 11/22/2022, Plaintiff leased from Manufacturer's store located at 45500 Fremont Boulevard, Fremont, CA 94538 for valuable consideration the Subject Vehicle manufactured by Manufacturer.

5. The agreed upon value of the Subject Vehicle was Sixty-Six Thousand Four Hundred Forty Dollars and No Cents ($66,440.00). The total of payments under the lease totals Thirty-Eight Thousand One Hundred Fifty-Seven Dollars and Sixty Cents ($38,157.60).

6. In consideration for the Lease Agreement, Manufacturer issued and supplied to Plaintiff several written warranties, including a four (4) year and fifty thousand (50,000) mile factory warranty, as well as other stated warranties fully outlined in the Manufacturer's Warranty Booklet.

7. On or about 11/22/2022, Plaintiff took possession of the Subject Vehicle and shortly thereafter experienced the various defects listed below that substantially impair the use, value, and safety of the

Subject Vehicle.

8. The defects listed below violate the express written warranties issued to Plaintiff by Defendant, as well as the implied warranty of merchantability.

9. Plaintiff brought the Subject Vehicle to Manufacturer's authorized service and repair facility for various defects, including, but not limited to, the following:

- Defective electric drivetrain system – over one (1) failed repair attempt;
- Defective front drive unit – over one (1) failed repair attempt;
- Defective front drive unit inverter – over one (1) failed repair attempt;
- Defective left front lateral link bolt – over one (1) failed repair attempt;
- Defective steering system – over one (1) failed repair attempt;
- Defective anti-lock braking systems ("ABS") – over one (1) failed repair attempt;
- Defective ABS left front wheel speed sensor – over one (1) failed repair attempt;
- Any additional complaints made by Plaintiff, whether or not they are contained in Defendant's records or on any repair orders.

10. Plaintiff provided Defendant sufficient opportunities to repair the Subject Vehicle.

11. Plaintiff brought the Subject Vehicle to Manufacturer's authorized service and repair facility for repair on six (6) occasions. (The true and correct copies of the Subject Vehicle's repair orders are attached herein and marked as Exhibit A.)

a. 01/27/2023: Plaintiff brought the Subject Vehicle to Manufacturer's service center at the time located at 811 South San Fernando Boulevard, Burbank, CA 91502 ("Tesla Burbank") for repair because of several alerts indicating on the Subject Vehicle's cluster, including APP_w009 (automatic emergency braking is unavailable), DI_223 (traction control disabled), DI_a222 (stability control disabled), and DI_a138 (front motor disabled). The personnel at Tesla Burbank verified Plaintiff's complaint. Further investigation determined the root cause to be an internal, non-serviceable fault within the front drive inverter, therefore Tesla Burbank's personnel replaced the latter. The Subject Vehicle was at Tesla Burbank for a total of eight (8) days.

b. 01/31/2024: Plaintiff brought the Subject Vehicle to Tesla Burbank for repair because the

left front control bolt became loose and almost fell out of the Subject Vehicle. The personnel at Tesla Burbank verified Plaintiff's complaint. During the inspection of the Subject Vehicle, one of the bolts securing the left front lateral link was found under-torqued. The bolt was removed and inspected, along with the threads on the subframe, but no damage was observed. The bolt was then reinstalled and torqued to proper specifications. Plaintiff also complained about the steering wheel lather lifting from the spokes. The personnel at Tesla Burbank verified Plaintiff's complaint. Upon inspection, the leather on the back of the steering wheel was found bubbling up and loose. Tesla Burbank's personnel replaced the steering wheel as a result. The Subject Vehicle was at Tesla Burbank for a total of two (2) days.

c.    03/07/2024: Plaintiff brought the Subject Vehicle to Tesla Burbank for repair because of multiple alerts being present on the Subject Vehicle's cluster, such as ESP_a025 (traction control disabled). The personnel at Tesla Burbank verified Plaintiff's complaint and found fault for the left front wheel speed sensor. After performing a test, the personnel discovered the sensor had an intermittent open circuit. Tesla Burbank's personnel further inspected the sensor and the harness of the Subject Vehicle and found the harness damaged. The personnel concluded that the damage to the harness was caused by excessive slack allowing the harness to rub against tire and get damaged. The left front wheel speed sensor was replaced as a result. The Subject Vehicle was at Tesla Burbank for a total of two (2) days.

12.    Subject Vehicle has been at Tesla's place of business undergoing repairs for nearly twelve (12) days.

13.    Manufacturer, through its authorized repair facility, was unable and/or failed to repair the Subject Vehicle within a reasonable number of attempts.

14.    As of the present date, the Subject Vehicle still has ongoing problems that were never resolved despite multiple repair attempts.

15.    Employees at Manufacturer's authorized service and repair facility allegedly performed repairs and performed complimentary vehicle inspections of the Subject Vehicle, but there was no change

in the defective parts, and the Subject Vehicle remains defective.

16. Plaintiff justifiably lost confidence in the Subject Vehicle's reliability and said defects have substantially impaired the use, value, and/or safety of the Subject Vehicle to Plaintiff.

17. As a result of said defects, Plaintiff revoked acceptance of the Subject Vehicle in writing on 04/29/2025. (The true and correct copy notice of non-conformities is attached hereto and marked as Exhibit B.)

18. At the time of revocation, the Subject Vehicle was in substantially the same condition as at the delivery except for damage caused by its own defects and ordinary wear and tear.

19. To date, Manufacturer has failed to provide Plaintiff with the remedies Plaintiff is entitled to upon revocation.

20. The Subject Vehicle remains in a defective and unmerchantable condition and continues to exhibit the above-mentioned defects that substantially impair its use, value, and/or safety.

21. Plaintiff has and will continue to be financially damaged due to Defendant's failure to comply with the provisions of its express and implied warranties.

**FIRST CAUSE OF ACTION**

FRAUD AND DECEIT

*(Against All Defendants)*

22. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

23. The particularity requirement for fraud requires the pleading of facts showing how, when, where, to whom, and by what means the representations were made. (*Stansfield v. Starkey*, 220 Cal.All.3d 59, 73 (1990).) Every element of fraud herein with specificity have been plead as follows:

a. How: Prior to Plaintiff's visit to Manufacturer on 11/22/2022, Defendant represented to Plaintiff that its vehicles were free from any latent defects. These representations were made in Manufacturer's New Vehicle Limited Warranty, as well as brochures, pamphlets, and other advertisement materials produced by Defendant.

b. When: At the time of leasing the Subject Vehicle (on 12/15/2023) and prior to Plaintiff leasing the Subject Vehicle.

c.  Where: The discussions about the safety, quality, and reliability of the Subject Vehicle took place on Defendant's website, in the New Vehicle Limited Warranty, in the owner's manual, as well as other brochures, pamphlets, and advertisement materials produced by Defendant.

d.  To Whom: The representations regarding the Subject Vehicle were made to Plaintiff.

e.  What Means: The discussions were made by the use of English language, simple words. Defendant used its online website as well as its owner's manuals and other pamphlets and brochures to represent the Subject Vehicle as being free of defects.

24.     The requirement of specificity in a fraud action against a corporation requires Plaintiff to allege the names of persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *(Tarmann v. State Far Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).)

a.  Names of Persons Who Made the Representations: The representations were made by Defendant's team of advertising and marketing personnel, including, but not limited to, Elon Musk, Chief Executive Officer and Member of the Board of Directors, Tom Zhu, Senior Vice President at Manufacturer.

b.  Authority to Speak: Defendant's online and TV advertisements all invite consumers to visit Manufacture's stores and speak with a representative regarding its vehicles. The executives, by the very nature of their role within Defendant's company, had the authority to design and implement the fraudulent representations regarding the Subject Vehicle, implement procedures to train Manufacture personnel, and did do so in fact.

c.  To Whom They Spoke: The representations regarding the Subject Vehicle were made to Plaintiff.

d.  What They Said or Wrote: Defendant represented to Plaintiff that the Subject Vehicle was in excellent mechanical condition and free of any damages or defects. Defendant further represented that the Subject Vehicle was merchantable, safe, reliable, and fit for its ordinary purpose.

e.  When It Was Said or Written: Prior to the time Plaintiff leased the Subject Vehicle on

11/22/2022.

25. Moreover, in line with *Committee on Children's Television, Inc. v General Foods Corp.*, 35 Cal.3d 197, 216 (1983), Defendant necessarily possesses full information concerning the facts of the herein controversy since Manufacturer designed the defective vehicles, trained all personnel on how to discuss the defects when the vehicles are brought in for repair, and advertised the Subject Vehicle to the public as safe, reliable, and fit for its ordinary purpose. Therefore, despite the heightened pleading standard in a fraud case, in the present matter Defendant was well aware of the entire chain of events which have culminated in this lawsuit.

26. Cal. Civ. Code § 1710 identifies four kinds of fraud: (1) intentional misrepresentation, (2) concealment, (3) false promise, and (4) negligent misrepresentation.

27. Here, the fraud at hand is intentional misrepresentation and concealment.

28. **Intentional misrepresentation** occurs when (a) a defendant represents to another that a fact was true; (b) the representation was actually false; (c) the defendant knew the representation was false (or was reckless about its truth); (d) the defendant intended the other person to rely on the statement; (e) the other person did rely on the statement; and (f) the other person was harmed by the reliance. Cal. Civ. Code, § 1710(1); *Lazar v. Superior Court* 12 Cal.4th 631, 638 (1996).

A. On 11/22/2022, Defendant, by and through its agents, intentionally misrepresented material facts to Plaintiff, including, but not limited to, the following:

- That the Subject Vehicle was in excellent mechanical condition.
- That the Subject Vehicle was functionable and reliable.
- That the Subject Vehicle was safe and fit for its ordinary purpose.
- That the Subject Vehicle had no latent defect(s).
- That the Subject Vehicle was merchantable.

B. The aforementioned representations are clearly false.

C. Defendant made these representations knowing that they were false or made them recklessly and without regard for their truth. Defendant had knowledge of these material facts through sources not available to Plaintiff, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing

conducted in response to those complaints, including repair orders and high warranty reimbursement rates that can cost in the thousand dollars for each vehicle, and from other internal sources. Defendant had a duty to disclose the defects because:

- Defendant knew the representations made to Plaintiff were false [and/or made the representations recklessly and without regard for its truth] because it knew the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. Defendant knew this by having its experts inspect the Subject Vehicle before and after the Subject Vehicle acquisition and by running the vehicle history.

- Alternatively, in making such misrepresentations and committing such wrongful acts, Defendant acted with the conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and wrongful acts. If Defendant did not know affirmatively that the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable, then it should not have stated otherwise.

D. Defendant intended for Plaintiff to rely on the statement, and subsequently intended to defraud Plaintiff, since it wanted Plaintiff to lease the Subject Vehicle despite its defects.

E. Plaintiff reasonably relied on Defendant's assurances that the Subject Vehicle was functionable, reliable, safe, and fit for its ordinary purpose.

- Such reliance upon misrepresentations, material omissions, and/or wrongful acts was justified and reasonable under the circumstances. Defendant is an established business with positive reputation and reassuring infrastructure which put Plaintiff at ease. This gave Plaintiff no reason to mistrust Defendant.

- The representation from Defendant was material – a reasonable person would find it important to know that the Subject Vehicle was defective and was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. These factors affect the Subject Vehicle's reliability, lifespan, and value.

- The harm to Plaintiff was not otherwise inevitable or due to unrelated causes

because Plaintiff would simply not have leased the Subject Vehicle at all and/or would have paid much less for the Subject Vehicle.

F.  As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

- Defendant intentionally misrepresented the Subject Vehicle. Plaintiff is therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiff now owns a vehicle that has a diminished value as a result of Defendant's intentional misrepresentation of, and failure to timely disclose, the aforementioned defects and the serious safety and quality issues caused by Defendant's conduct.

- The value of the Subject Vehicle is diminished because any reasonable consumer will be reluctant to lease the Subject Vehicle for the same price upon an honest disclosure of its history and current condition.

- Defendant's conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiff's rights. Accordingly, Defendant is liable to Plaintiff for his damages in an amount to be proven at trial, including, but not limited to, Plaintiff's lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the lease, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

29.  **Concealment** exists where a defendant (a) concealed or suppressed a material fact; (b) had

knowledge of this material fact; (c) that this material fact was not within reasonably diligent attention, observation, and judgment of a plaintiff; (d) that defendant suppressed or concealed this fact with the intention that the plaintiff be misled as to the true condition of the property; (e) that the plaintiff was reasonably so misled; and (f) that the plaintiff suffered a damage as a result.

A.  On 11/22/2022, Defendant, by and through its agents, concealed, or suppressed material facts regarding the Subject Vehicle, including, but not limited to, the following:

- That the Subject Vehicle was not in excellent mechanical condition.
- That the Subject Vehicle was not functionable and reliable.
- That the Subject Vehicle was not safe and fit for its ordinary purpose.
- That the Subject Vehicle had latent defect(s).
- That the Subject Vehicle was unmerchantable.

B.  Defendant made the representations knowing that they were false or made them recklessly and without regard for their truth. Defendant had knowledge of these material facts through sources not available to Plaintiff, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing conducted in response to those complaints, including repair orders and high warranty reimbursement rates that can cost in the thousands of dollars for each vehicle, and from other internal sources. Defendant had a duty to disclose the defects because it:

- Had exclusive and/or far superior knowledge and access to the facts, and knew the facts were not known to or reasonably discoverable by Plaintiff;
- Intentionally concealed the foregoing from Plaintiff;
- Made incomplete representations about the safety and reliability of the aforementioned defects, while purposefully withholding material facts from Plaintiff that contradicted these representations.

C.  Defendant is an industry expert in manufacture, sale, and distribution of motor vehicles and related equipment and services and therefore had knowledge of material facts regarding the Subject Vehicle. These material facts were not within reasonably diligent attention, observation, and judgment of Plaintiff because Plaintiff has no professional

expertise and very limited consumer experience in vehicle acquisition. Furthermore, Plaintiff was not experts in vehicle inspection.

D. Defendant intentionally concealed and suppressed these material facts to falsely assure Plaintiff that the Subject Vehicle could perform safely, as represented by Defendant and reasonably expected by consumers.

- Defendant omitted these material facts, with the intention to deceive, defraud, and induce Plaintiff into acting in reliance on the representations Defendant had made to Plaintiff and to induce Plaintiff to lease the Subject Vehicle.
- Defendant actively concealed or suppressed these material facts, in whole or in part, to maintain a market for its vehicles, to protect/maximize its profits, and to avoid recalls that would hurt Defendant's businesses and cost Defendant money. It did so at the expense of Plaintiff.

E. Plaintiff was unaware of these omitted material facts and would not have acted as he did if he had known of the concealed or suppressed facts. Plaintiff did not receive the benefit of the bargain as a result of Defendant's fraudulent concealment.

- These omitted and concealed facts were material because they would be relied on by a reasonable person purchasing, leasing, or retaining a new or used motor vehicle, and because they directly impact the value of the Subject Vehicle acquired by Plaintiff.
- Whether Manufacturer's vehicles are functionable, reliable, safe, and/or fit for their ordinary purpose and whether Manufacturer stands behind its vehicles, are material concerns to a consumer.
- Plaintiff trusted Defendant not to lease him a vehicle that was defective or that violated federal law governing motor vehicle safety, and to uphold its recall obligations under the Lease Agreement and governing laws. Plaintiff had no reason to believe Defendant was hiding information during Plaintiff's inquiry about these facts.
- Plaintiff asked about these facts. Defendant lied, made misrepresentations, and did

not disclose what it knew about the Subject Vehicle's history and condition.

F. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

- Defendant committed concealment. Plaintiff is therefore entitled to recission and restitution in an amount according to proof at trial.
- Plaintiff now owns a vehicle that has a diminished value because of Defendant's concealment of, and failure to timely disclose, the aforementioned defects, and the serious safety and quality issues caused by Defendant's conduct.
- The value of the Subject Vehicle is diminished because of the concealed negative facts about the value which will make any reasonable consumer reluctant to acquire the vehicle for the same price as paid by Plaintiff.
- Defendant's conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiff' rights. Accordingly, Defendant is liable to Plaintiff for his damages in an amount to be proven at trial, including, but not limited to, Plaintiff's lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the lease, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

///

///

**SECOND CAUSE OF ACTION**

BREACH OF WRITTEN WARRANTY

PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

*(Against All Defendants)*

30.     Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

31.     Plaintiff acquired a consumer product and received the Subject Vehicle during the duration of a written warranty period as defined in 15 U.S.C. § 2301(6) applicable to the Subject Vehicle and is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

32.     Manufacturer is a business entity engaged in the business of making a consumer product directly available to Plaintiff.

33.     The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("Warranty Act") is applicable to Plaintiff's Complaint in that the Subject Vehicle was manufactured and sold after July 4, 1975, and costs in excess of Ten Dollars ($10.00).

34.     Plaintiff's lease of the Subject Vehicle was accompanied by written factory warranties for any nonconformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the lease of the Subject Vehicle to repair the Subject Vehicle or take other remedial action free of charge to Plaintiff with respect to the Subject Vehicle if the Subject Vehicle failed to meet the specifications set forth in said undertaking.

35.     Said warranties were the basis of the bargain of the agreement between Plaintiff and Manufacturer for the sale of the Subject Vehicle to Plaintiff.

36.     Said acquisition of Plaintiff's Subject Vehicle was induced by, and Plaintiff relied upon, these written warranties.

37.     Plaintiff has met all of his obligations and preconditions as provided in the written warranties.

38.     Manufacturer's tender of the Subject Vehicle was substantially impaired to Plaintiff.

39.     Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiff, constitutes a violation of 15 U.S.C. § 2301, *et seq.*

40. As a direct and proximate result of Manufacturer's failure to comply with its express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff was entitled to bring suit for such damages and other equitable relief.

**THIRD CAUSE OF ACTION**

BREACH OF IMPLIED WARRANTY

PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

*(Against All Defendants)*

41. Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

42. The Subject Vehicle acquired by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7) running from Manufacturer to the intended consumer, Plaintiff herein.

43. Manufacturer is a supplier of consumer goods as a business entity engaged in the business of making a consumer product directly available to Plaintiff.

44. Pursuant to 15 U.S.C. § 2308(a), Manufacturer is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Manufacturer has entered into a contract in writing within ninety (90) days of purchase and/or lease to perform services relating to the maintenance or repair of a motor vehicle.

45. Plaintiff's Subject Vehicle was impliedly warranted to be substantially free of defects and nonconformities in both material and workmanship, and thereby fit for the ordinary purpose for which the Subject Vehicle was intended.

46. The Subject Vehicle was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

47. The above-described defects in the Subject Vehicle render the Subject Vehicle unfit for the ordinary and essential purpose for which the Subject Vehicle was intended.

48. Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiff, constitutes a violation of 15 U.S.C. § 2301, *et seq.*

49.   Any efforts to limit the implied warranties in a manner that would exclude coverage of the Subject Vehicle is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Subject Vehicle is null and void.

50.   Any limitations on the warranties are procedurally unconscionable. There was unequal bargaining power between Manufacturer, on the one hand, and Plaintiff, on the other.

51.   Any limitations on the warranties are substantively unconscionable. Manufacturer knew that the Subject Vehicle was defective and would continue to pose a safety risk after the warranties purportedly expired. Manufacturer failed to disclose the aforementioned defects to Plaintiff. Thus, Manufacturer's enforcement of the durational limitations on those warranties is harsh and shocks the conscience.

52.   Plaintiff has had sufficient direct dealings with Manufacturer to establish privity of contract.

53.   Plaintiff provided written notice of breach to Manufacturer and a request to cure. Nonetheless, as a direct and proximate result of Manufacturer's failure to comply with its implied warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for such damages and other equitable relief.

54.   Furthermore, affording Manufacturer an opportunity to cure its breach of written warranties would be unnecessary and futile here. At the time of the lease of the Subject Vehicle, Manufacturer knew, should have known, or was reckless in not knowing of its misrepresentations concerning the Subject Vehicle's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resorts to an informal dispute resolution procedure and/or afford Manufacturer a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

55.   Plaintiff provided written notice of breach of implied warranties and related consumer protection laws, and opportunity to cure, via mail to Manufacturer.

56.   Plaintiff would suffer economic hardship if he returned the Subject Vehicle but did not receive the return of all payments made by him. Because Manufacturer is refusing to acknowledge any revocation of acceptance and return immediately any payments made, Plaintiff has not accepted the defects by

retaining the Subject Vehicle.

**FOURTH CAUSE OF ACTION**

BREACH OF WRITTEN WARRANTY

PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

*(Against All Defendants)*

57. Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

58. Manufacturer is the warrantor of the Subject Vehicle's express warranty.

59. Pursuant to the Subject Vehicle's express warranty, Manufacturer undertook to preserve or maintain the utility or performance of the Subject Vehicle or provide compensation if there was a failure in such utility or performance.

60. The Subject Vehicle has and has had serious defects and nonconformities to warranty including, but not limited to, the defects described above.

61. Under the Song-Beverly Consumer Warranty Act (the "California Lemon Law"), the Subject Vehicle is a "new motor vehicle" leased primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for this purpose. (Cal. Civ. Code §1793.22(e)(2).)

62. Plaintiff is a "lessee" of the Subject Vehicle under the California Lemon Law.

63. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the Subject Vehicle.

64. Pursuant to Cal. Civ. Code § 1793.2(c), Plaintiff has delivered the Subject Vehicle to the Manufacturer's service and repair facility within this state within the terms of protection and has tendered the Subject Vehicle for repairs of the above-mentioned defects that substantially affect the use, value, and safety of the Subject Vehicle.

65. Manufacturer, through its service and repair facility, has been unable to repair the said defects in a reasonable number of attempts.

66. By failure of Manufacturer to remedy the defects as alleged above, or to issue a refund or replacement, Manufacturer is in breach of its obligations under the California Lemon Law.

67.     Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under the California Lemon Law.

68.     Pursuant to Cal. Civ. Code § 1793.2(d), Plaintiff is entitled to a refund of the total cost under the Lease Agreement, including all collateral charges such as sales tax, license fees, registration fees, and other official fees, plus any incidental damages including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

69.     Pursuant to Cal. Civ. Code § 1794, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorneys' fees reasonably incurred.

70.     Manufacturer has willfully violated the provisions of this act by knowing of its obligations to refund or replace Plaintiff's Subject Vehicle but failing to fulfill them.

**FIFTH CAUSE OF ACTION**

BREACH OF IMPLIED WARRANTY

PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

*(Against All Defendants)*

71.     Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

72.     The Subject Vehicle acquired by Plaintiff was subject to an implied warranty of merchantability as defined in Cal Civ. Code. § 1790, *et seq.* running from Manufacturer to the intended consumer, Plaintiff herein.

73.     The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

74.     Manufacturer is a supplier of consumer goods as a business entity engaged in the business of making a consumer product directly available to Plaintiff.

75.     Manufacturer is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code § 1790, *et seq.*

76.     Pursuant to Cal. Civ. Code § 1790, *et seq.*, Plaintiff's Subject Vehicle was impliedly warranted to be fit for the ordinary use or which the Subject Vehicle was intended.

77.     The Subject Vehicle was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

78.     Because the Subject Vehicle was leased to Plaintiff with serious defects that manifested themselves within the period of the implied warranty and which substantially reduce its safety and performance, it (1) would not pass without objection in the trade under the contract description; (2) was and is not fit for the ordinary purposes for which such goods are used; (3) was not adequately contained, packaged, and labeled; and (4) did not conform to the promises or affirmations of fact made on the container or label.

79.     The above-described defects in the Subject Vehicle caused it to fail to possess the most basic degree of fitness for ordinary use.

80.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Subject Vehicle and are entitled under the California Lemon Law to rescind the Lease Agreement and to restitution of all money paid towards the Lease Agreement. This Complaint also hereby rejects and revokes acceptance of the Subject Vehicle.

81.     As a result of the breach of implied warranty by Manufacturer, Plaintiff has suffered and continue to suffer various damages.

**SIXTH CAUSE OF ACTION**

VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.

*(Against All Defendants)*

82.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

83.     Plaintiff has standing to bring this claim because he has lost money or property as a result of the alleged misconduct.

84.     A plaintiff has standing when he/she (1) loses or is deprived of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) the economic injury was the result of, i.e., caused

by, the unfair business practice of false advertising that is the gravamen of the claim. *Kwikset Corp. v. Superior Court*, 52 Cal.4th 310, 322 (2011.)

85. Economic injury from unfair competition exists if a plaintiff (1) surrenders in a transaction more, or acquires in a transaction less, than he or she otherwise would have; (2) has a present or future property interest diminished; (3) is deprived of money or property to which he, she or it has a cognizable claim; or (4) is required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Id.* at 323.

86. California Business & Professions Code § 17200, *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice. It also prohibits unfair, deceptive, untrue, or misleading advertising.

87. The **unlawful** prong "borrows violations of other laws and treats them as independently actionable." *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837, 51 Cal.Rptr.3d 118 (2006). Defendant engaged in unlawful business acts and practices by: (1) selling defective vehicles to the public while misrepresenting their condition; and (2) concealing and failing to disclose a known defect. These acts and practices were intended to and did violate several laws, including, but not limited to, Cal. Civ. Code § 1709, *et seq.* and the California Lemon Law.

- Cal. Civ. Code § 1709 states that "one who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Here, Defendant violated § 1709 in that Defendant intentionally misrepresented the safety and reliability of the Subject Vehicle to induce Plaintiff's lease of the Subject Vehicle.

88. The **unfair** prong requires alleging a practice that "offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bardin v. Daimler Chrysler Corp.*, 136 Cal.App.4th 1255, 1263, 1266, 39 Cal.Rptr.3d 634 (2006). Defendant engaged in unfair business acts or practices in that the justification for selling and leasing vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

- A business act is **unfair** if (1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury

could not reasonably have been avoided by consumers themselves.

- Here, Plaintiff's injury is substantial since Plaintiff would not have otherwise acquired the Subject Vehicle had he known the Subject Vehicle was not safe, not reliable, and not fit for its intended purpose. Plaintiff has further been damaged in that he has paid out of pocket expenses to repair, tow, and otherwise store the Subject Vehicle as well as paid money towards a rental vehicle while the Subject Vehicle was nonoperational.

- Plaintiff's injury is not outweighed by any countervailing benefits to consumers or competition. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

- Plaintiff specifically inquired about the Subject Vehicle's condition and whether it was free from defects. Defendant knowingly and/or recklessly lied to Plaintiff to induce the lease of the Subject Vehicle. Plaintiff's injury, therefore, could not reasonably have been avoided by Plaintiff.

89.    The **fraudulent** prong "requires a showing [that] members of the public are likely to be deceived." *Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 871, 118 Cal.Rptr.2d 770 (2002). Defendant engaged in fraudulent business acts or practices in that the representations and omissions of material fact described above have a tendency and likelihood to deceive purchasers and/or lessees of these vehicles, and the general public.

- An advertisement or promotional practice is likely to deceive if it includes assertions that are (1) untrue, or (2) "'true [, but] are either actually misleading or which [have] the capacity, likelihood or tendency to deceive or confuse the public.' [Citation]." (*Kasky v. Nike, Inc.* 27 Cal.4th 939, 951 (2002); *Leoni v. State Bar* 39 Cal.3d 609, 626 (1985).)

- Here, Defendant's practice of misrepresenting the safety and reliability of it vehicles is likely to deceive members of the public because the statements are untrue. It is inconceivable to think that consumers will be able to see through Defendant's misrepresentations and know that Defendant's vehicles are neither safe, nor reliable, nor fit for their intended purpose.

90.    The business scheme employed by Defendant is unlawful, unfair, and fraudulent because Defendant is purposely concealing information about the aforementioned defects so that consumers, like

Plaintiff, will purchase and/or lease a vehicle that is neither functionable, reliable, safe, nor fit for its ordinary purpose.

91. Defendant deceived Plaintiff by failing to disclose the aforementioned defects and inducing the lease of the Subject Vehicle.

92. Defendant has every intention of deceiving and injuring consumers. If it did not, then Defendant would not be so immoral, unethical, oppressive, unscrupulous, and deceptive when it comes to the defective Subject Vehicle.

93. The business scheme deployed by Defendant to deceive Plaintiff into acquiring the Subject Vehicle with the aforementioned defects is unlawful, unfair, and fraudulent.

94. Plaintiff surrendered more in the transaction because he acquired a vehicle that was defective. Had Plaintiff been aware of the aforementioned defects, he would not have acquired the Subject Vehicle in the first place and/or at least paid less for the Subject Vehicle. As such, Plaintiff has established a loss or deprivation of money or property sufficient to qualify as injury in fact. *Kwikset Corp.*, 52 Cal.4th 310, 323.

95. Defendant commits these acts with the conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and wrongful acts in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

96. The acts of Defendant as herein described, present a continuing threat to members of the general public in that Defendant continues to engage in these deceptive practices and will not cease doing so unless and until an injunction is issued by this Court.

97. If Defendant is allowed to continue to engage in these deceptive practices other consumers will also purchase and/or lease defective vehicles putting themselves and others on the road in extreme danger.

98. As a direct result of the aforementioned acts, Defendant unlawfully, unfairly, and unjustly collected and continues to hold revenues and profits derived directly or indirectly from Plaintiff, who has been victimized by the practices challenged herein. Defendant failed to disgorge and/or waive any of these revenues that do not properly belong to it.

99. In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17200 and 17203, Plaintiff is

entitled to an order enjoining the unlawful, unfair, deceptive, and/or fraudulent acts as described herein, and directing Defendant to make full restitution to Plaintiff, who has suffered from such acts.

100. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein.

101. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

**SEVENTH CAUSE OF ACTION**

VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.

*(Against All Defendants)*

102. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

103. Plaintiff has standing to bring this claim because he has lost money or property as a result of the misconduct alleged.

104. Cal. Bus. & Prof. Code § 17500, *et seq.* prohibits unfair, deceptive, untrue, or misleading communications and statements, including, but not limited to, false statements as to the nature of services to be provided.

105. The business scheme employed by Defendant is unfair, deceptive, untrue, and misleading because it is taking advantage of its status as an expert in the industry and selling/leasing vehicles to consumers who are unaware, and have no reason to be aware, that the vehicles are in fact defective.

106. Defendant deceived Plaintiff by designing, manufacturing, producing, distributing, selling and/or leasing the Subject Vehicle with the aforementioned defects.

107. Defendant intentionally made the previously alleged misrepresentations and promises, devised, and executed a scheme to defraud Plaintiff, and did so resulting in a damage to Plaintiff with the

conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and wrongful acts.

108. In acting so, Defendant committed acts of untrue and misleading advertising as defined in Cal. Bus. & Prof. Code § 17500, by advertising its services contrary to their true nature.

109. Defendant knew, or should have known, that the Subject Vehicle was defective and therefore was not functionable, reliable, safe, or even fit for its ordinary purpose.

110. Plaintiff did in fact rely on Defendant's deceptive, untrue, and misleading communications and statements and suffered damages as a direct result. Specifically, Defendant's deceptive, untrue, and misleading communications and statements tricked Plaintiff into acquiring the Subject Vehicle. As such, Plaintiff has established a loss or deprivation of money or property sufficient to qualify as injury in fact. *Kwikset,* 52 Cal.4th 310, 323.

111. Plaintiff's reliance on the representations was justified and reasonable because Defendant is an expert in the industry. There was no reason for Plaintiff to know that the Subject Vehicle was defective and therefore was not functionable, reliable, safe, or even fit for its ordinary purpose.

112. Defendant's unfair, deceptive, untrue, and misleading communications and advertising described above present a continuing threat to members of the general public in that Defendant will continue to engage in these practices with respect to the general public and will not cease doing so unless and until an injunction is issued by this Court.

113. If Defendant is allowed to continue to engage in these deceptive practices more consumers will purchase and/or lease defective vehicles putting more and more people in extreme danger.

114. As a direct result of the aforementioned acts, Defendant has received, and continues to unjustly hold, collect, or accept revenues derived directly or indirectly from Plaintiff, through untrue and misleading representations and advertising.

115. In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17500 and 17535, Plaintiff is entitled to an order enjoining the acts of untrue and misleading advertising and representations described herein and directing Defendant to make full restitution to Plaintiff, who suffered from such acts.

116. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein.

117. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

**EIGHTH CAUSE OF ACTION**

NEGLIGENCE

*(Against All Defendants)*

118. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

119. At all times mentioned herein, Defendant was engaged in the business of designing, manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of the Subject Vehicle.

120. At all times mentioned herein, Defendant had a duty of care in the designing, manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of the Subject Vehicle.

121. At all times herein mentioned, Defendant had a duty to warn all users of its vehicles of the attendant risks of harm, said risks of harm being at all times known and/or foreseeable to Defendant.

122. At all times herein mentioned, Defendant knew, or in the exercise of reasonable care should have known, that if the Subject Vehicle was not properly designed, manufactured, tested, distributed, leased to, inspected, repaired, marketed, constructed, and labeled, for the use and purpose for which the Subject Vehicle was intended, the Subject Vehicle was likely to cause injuries to owners, passengers, and users of the Subject Vehicle.

123. Since the date of the lease, Plaintiff has used the Subject Vehicle in the way it was intended to be used. At that time and prior thereto, Defendant negligently and carelessly manufactured, designed; constructed, equipped, tested, installed, repaired, assembled, maintained, and handled the Subject Vehicle

so that it was defective and unsafe when used and operated in the manner for which it was intended.

124. The Subject Vehicle's defects existed at the time it left Defendant's control.

125. As a direct and legal result of the Subject Vehicle's defects, Plaintiff was injured by the Subject Vehicle while it was being used in the manner for which it was intended, the risk of which was at all times known and foreseeable to Defendant.

126. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein.

127. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

**NINTH CAUSE OF ACTION**

STRICT LIABILITY

*(Against All Defendants)*

128. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

129. The Subject Vehicle was defective in its design and/or its manufacture.

130. Manufacturer is the manufacturer of the Subject Vehicle.

131. The Subject Vehicle's defects existed when it left Manufacturer's possession.

132. The defects were the cause of Plaintiff's injury.

133. Plaintiff's injury resulted from his reasonably foreseeable use of the Subject Vehicle.

134. As a direct and proximate result of the acts and omissions of Manufacturer, Plaintiff has suffered damages for which relief is sought herein.

135. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place

but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

- For recovery of the greater of actual damages according to proof, if adequate, as appropriate;
- For recovery of all incidental damages, as appropriate;
- For recovery of all consequential damages, as appropriate;
- For restitution, as appropriate;
- For injunctive relief, as appropriate;
- For recovery of interest at the legal rate, as appropriate;
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to California's Private Attorney General Statute, Cal. Civ. Proc. Code § 1021.5, as appropriate; or
- Recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to Cal. Civ. Code § 1794;
- For refund of all monies paid for the Subject Vehicle including all collateral charges and incidental damages pursuant to Cal. Civ. Code § 1793.2(d);
- A civil penalty not to exceed two times the amount of actual damages pursuant to Cal. Civ. Code § 1794(c);
- For refund of all monies paid for the Subject Vehicle pursuant to 15 U.S.C. § 2304(a)(4);
- For refund of all incidental and consequential damages incurred pursuant to 15 U.S.C. § 2304(a)(3);
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to 15 U.S.C. § 2310(d)(2);

- For recovery of One Hundred Fifteen Thousand Thirteen Dollars and Sixty-Three Cents ($115,013.63) in damages.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL IN THIS MATTER.**

DATED: 06/12/2025

THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204

By */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiff
KHACHATUR VARDANYAN

**EXHIBIT A**

-28-
PLAINTIFF'S COMPLAINT FOR DAMAGES



Tesla, Inc
811 S San Fernando Blvd
Burbank,CA,US 91502
Ph.: 818-480-9217

# Invoice

**SERVICE DEPARTMENT HOURS**
**Mon-Fri 8:00 a.m. - 5:00 p.m**
**Saturday-Sunday Sat 8am – 5pm, Sun Closed**

B.A.R.# ARD00281719
E.P.A.ID# CAL000411693

**Paid**

| Invoice date | Invoice number |
|---|---|
| 03-Feb-2023 | 3000S0006261487 |
| **Due Date** | |
| 03 Feb 2023 | |
| **Date/Time Received** | **Date/Time Promised** |
| 27-Jan-2023 19:22:02 | 11-Feb-2023 21:00:51 |
| **Odometer In** | **Odometer Out** |
| 2648 Miles | 2663 Miles |
| **Ready Date** | |
| 03-Feb-2023 09:28:59 | |
| **Service Advisor** | |
| Austin Reeves | |

| Bill To |
|---|
| ruben muradyan |

| Mobile Phone | Additional Phone | | Vehicle Identification Number |
|---|---|---|---|
| | | | 7SAYGDEE0PA028077 |
| **Year** | **Model** | **License Plate Number** | **Colour** |
| 2023 | MODEL Y | 9DYB087 | Pearl White Multi Coat |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Check tire pressure and condition<br><br>Inspected tire tread depth. All tire pressures set to target values on tire and loading information label.<br><br>Tread Depth Measure Type<br>mm<br>Tread depth - Record the lowest measurement across all groves<br>Front Driver: 8<br>Front Passenger: 8<br>Back Driver: 8<br>Back Passenger: 8<br>Tire replacement recommended<br>No<br>Tire rotation recommended<br>No<br><br>**Correction: Automated Tire Pressure Check**<br><br>**Correction: Check Tire Tread Depth**<br><br>Pay Type: Goodwill Service | 0.00 |
| 2 | **Concern:** FRONT DRIVE UNIT REPLACEMENT<br><br>Removed and replaced front drive unit per line 3 diagnostic tech recommendation due to internal non serviceable fault. Drained and vacuum refilled system due to loosing coolant while replacing front drive unit. Performed thermal test to ensure proper vehicle operation. Performed validation test drive to ensure vehicle properly functioning on roads and to ensure proper repairs were completed. Vehicle drives and operating as designed no further repairs needed at this time.<br><br>**Correction: Drive Unit - Front (1st Generation) (Remove & Replace)**<br><br>**Parts Replaced or Added** | 0.00 |

| Line | Description | Amount |
|---|---|---|
| | Part / Quantity<br>ASY,M3,FRONT 3DU,GLOBAL(1120960 10 H) — 1.00<br>ASY, DRIVE INV, 3DU, 600A, FRONT, ST IGBT(1079914 02 A) — 1.00<br><br>Pay Type: Drive Unit Limited Warranty | |
| 3 | **Concern:** FRONT DRIVE UNIT REPLACEMENT<br><br>Removed and replaced front drive unit per line 3 diagnostic tech recommendation due to internal non serviceable fault. Drained and vacuum refilled system due to loosing coolant while replacing front drive unit. Performed thermal test to ensure proper vehicle operation. Performed validation test drive to ensure vehicle properly functioning on roads and to ensure proper repairs were completed. Vehicle drives and operating as designed no further repairs needed at this time.<br><br>**Correction: Thermal System Test**<br><br>**Correction: Perform Validation Test Drive**<br><br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |
| 4 | **Concern:** FRONT DRIVE UNIT REPLACEMENT<br><br>Removed and replaced front drive unit per line 3 diagnostic tech recommendation due to internal non serviceable fault. Drained and vacuum refilled system due to loosing coolant while replacing front drive unit. Performed thermal test to ensure proper vehicle operation. Performed validation test drive to ensure vehicle properly functioning on roads and to ensure proper repairs were completed. Vehicle drives and operating as designed no further repairs needed at this time.<br><br>**Correction: Cooling System - Drain and Refill**<br><br>Pay Type: Goodwill Service | **0.00** |
| 5 | **Concern:** Customer states: Wednesday at 9:05 pm. App w009, DI a223, DI a222, DI a138<br><br>Verified customer concern. Downloaded the appropriate vehicle logs for review. The data suggested a fault condition reported by the front drive inverter and pedal monitor leading to the customer concern. Performed isolation procedure and raised vehicle on 2 post lift to perform wiring checks and an inspection on the affected circuit. The wiring checks revealed no evidence of defect or fault with front drive unit electrical harness. Further investigation revealed root cause to be an internal, non serviceable fault with the vehicle's front drive inverter. Recommending replacement of front drive unit<br><br>**Correction: General Diagnosis**<br><br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |
| 6 | **Concern:** Need to perform alignment after front drive unit replacement due to vehicle not driving | **0.00** |

straight and pulling to the right.

Took vehicle for a validation test drive to test alignment quality. Confirmed that vehicle was pulling to the right. The steering angle was offset and not entirely centered as well. Performed an alignment procedure, making all the necessary adjustments to center readings. Attached image of alignments before and after values. Cleared steering angle offset using necessary procedure. To confirm successful alignment, took vehicle for another test drive. Alignment drives straight, and vehicle will only veer towards road crown depending on road conditions.

**Correction: Four Wheel Alignment Check and Adjust**

Pay Type: Basic Vehicle Limited Warranty

Service Center hourly rate: USD 240

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| **Subtotal (USD)** | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Total Paid (USD)** | 0.00 |
| **Payment Due (USD)** | 0.00 |

All parts are new unless otherwise specified.

You agree that: Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop repair parts and parts required to be returned to the manufacturer or a third party under a warranty, trade in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

**Signature:** **Date:**

Warning: Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

**FullName:**

A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla branded parts purchased directly from Tesla over the counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;
- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP" or providing written notification to Tesla's customer representative.



**Tesla, Inc**
811 South San Fernando Boulevard
Burbank,CA,US 91502-1534
Ph.: 818-480-9217

# Invoice

**SERVICE DEPARTMENT HOURS**
**Mon-Fri 8:00 a.m. - 5:00 p.m**
**Saturday-Sunday Sat 8am – 5pm, Sun Closed**

B.A.R.# ARD00281719
E.P.A.ID# CAL000411693

**Paid**

| Invoice date | Invoice number |
|---|---|
| 01-Feb-2024 | 3000S0009189451 |
| **Due Date** | |
| 01 Feb 2024 | |
| **Date/Time Received** | **Date/Time Promised** |
| 31-Jan-2024 16:13:14 | 02-Feb-2024 16:30:32 |
| **Odometer In** | **Odometer Out** |
| Miles | Miles |
| **Ready Date** | |
| 01-Feb-2024 07:36:27 | |
| **Service Advisor** | |
| Michael Balyan | |

| Bill To |
|---|
| ruben muradyan |

| Mobile Phone | Additional Phone | Vehicle Identification Number |
|---|---|---|
| | | 7SAYGDEE0PA028077 |

| Year | Model | License Plate Number | Colour |
|---|---|---|---|
| 2023 | MODEL Y | 9DYB087 | Pearl White Multi Coat |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Check tire pressure and condition<br>**Repair Notes:** . Maintenance Performed: Windshield Washer Fluid Top Off.<br>**Correction: Windshield Washer Fluid - Top Off**<br>**Correction: Automated Tire Pressure Check (Adjustment Needed)**<br>Pay Type: Goodwill - Service | **0.00** |
| 2 | **Concern:** Drain and Refill Windshield Washer Fluid<br>**Repair Notes:** Found not applicable<br>**Correction: SB-23-17-001 Not Applicable**<br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |
| 3 | **Concern:** Update Vehicle Software to Incorporate Additional Autosteer Controls<br>**Repair Notes:** No update necessary<br>**Correction: Inspect Vehicle Software Version; No Update Necessary**<br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |

| | | |
|---|---|---|
| 4 | **Concern:** Customer stats: LH front control bolt has become completely undone and is almost falling out of the car<br><br>**Repair Notes:** Verified customer concern. The vehicle was lifted up and inspected. Upon inspection, on of the bolts to the LH front lateral link was found under torqued. The bolt was removed and inspected along with the threads on the subframe. No damage was found to the bolt or the subframe. The bolt was reinstalled and torqued to proper specifications. All other suspension hardware was checked for proper torque. The vehicle was test driven and is operating as designed.<br><br>**Correction: Front Suspension Noise Diagnosis**<br><br>Pay Type: Goodwill - Service | **0.00** |
| 5 | **Concern:** Customer stats: LH front control bolt has become completely undone and is almost falling out of the car<br><br>**Repair Notes:** Verified customer concern. The vehicle was lifted up and inspected. Upon inspection, on of the bolts to the LH front lateral link was found under torqued. The bolt was removed and inspected along with the threads on the subframe. No damage was found to the bolt or the subframe. The bolt was reinstalled and torqued to proper specifications. All other suspension hardware was checked for proper torque. The vehicle was test driven and is operating as designed.<br><br>**Correction: Suspension - Front (Check Torque)**<br><br>**Correction: Adjustment: Exterior Trim**<br><br>**Correction: Perform Post-Repair Validation Test Drive**<br><br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |
| **6** | **Concern:** Customer stats: Steering wheel leather lifting from spokes<br><br>**Repair Notes:** Verified customer concern. The steering wheel was inspected. Upon inspection, the leather on the back of the steering wheel was found bubbling up and loose. The steering wheel was replaced.<br><br>**Correction: Steering Wheel (Remove & Replace) - Remove and Replace**<br><br>**Parts Replaced or Added**<br><br>**Part** / **Quantity**<br>STEERING WHEEL PUR LEATHER(1490214 00 B) — 1.00<br>BOLT RC M16X1.5X26 PC88 PTP.(1036655 00 A) — 1.00 | **0.00** |

| | AIRBAG HARNESS RETAINING CLIP. (1028053 00 A) | 1.00 | |
|---|---|---|---|
| | | | Pay Type: Basic Vehicle Limited Warranty |

Service Center hourly rate: USD 255

Notes: To assess your vehicle's Tire Wear and Condition, please see the Tire Care and Maintenance section from the digital Owner's Manual in your car.

All parts are new unless otherwise specified.

**Accepted Payment Methods:Major Credit Cards (Visa, Mastercard, AMEX, etc.), Debit Card, Cashier's Check**

You agree that:You are entitled to a price estimate for the repairs you have authorized. The repair price may be less than the estimate but shall not exceed (1) any price limited estimate or (2) any parts and labor estimate by more than 10%. Additional repairs may not be performed without your consent. This estimated price for authorized repairs will be honored if your vehicle is delivered to Tesla's facility within the time periodagreed to by you and Tesla. You may waive your right to a written estimate and require that you be notified if the price exceeds an amount you have specified. Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| **Subtotal (USD)** | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Amount Due From Customer (USD)** | 0.00 |
| **Paid by Customer (USD)** | 0.00 |

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop repair parts and parts required to be returned to the manufacturer or a third party under a warranty, trade in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

**Signature:** **Date:**

Warning:Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

**FullName:**

A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- You have the right to inspect your vehicle on Tesla premises prior to payment
- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla branded parts purchased directly from Tesla over the counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;
- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP"or providing written notification to Tesla's customer representative.



**Tesla, Inc**
811 South San Fernando Boulevard
Burbank,CA,US 91502-1534
Ph.: 818-480-9217

# Invoice

**SERVICE DEPARTMENT HOURS**
**Mon-Fri 8:00 a.m. - 5:00 p.m**
**Saturday-Sunday Sat 8am – 5pm, Sun Closed**

B.A.R.# ARD00281719
E.P.A.ID# CAL000411693

**Paid**

| Invoice date | Invoice number |
|---|---|
| 08-Mar-2024 | 3000S0009496738 |
| **Due Date** | |
| 08 Mar 2024 | |
| **Date/Time Received** | **Date/Time Promised** |
| 07-Mar-2024 17:50:47 | 09-Mar-2024 18:15:35 |
| **Odometer In** | **Odometer Out** |
| Miles | Miles |
| **Ready Date** | |
| 08-Mar-2024 08:17:52 | |
| **Service Advisor** | |
| Michael Balyan | |

| Bill To |
|---|
| ruben muradyan |

| Mobile Phone | Additional Phone | | Vehicle Identification Number |
|---|---|---|---|
| | | | 7SAYGDEE0PA028077 |
| **Year** | **Model** | **License Plate Number** | **Colour** |
| 2023 | MODEL Y | 9DYB087 | Pearl White Multi Coat |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Check tire pressure and condition<br><br>**Repair Notes:** . Set all vehicle tire pressures to vehicle provided recommended specs. inspected tire tread depth. Recommend replace left rear tire due to excessive low tread at 2/32.<br>Tread Depth Measure Type<br>32nds<br>Tread depth Record the lowest measurement across all groves<br>Front Driver: 8<br>Front Passenger: 8<br>Back Driver: 2<br>Back Passenger: 7<br>Tire replacement recommended<br>Yes<br>Tire rotation recommended<br>No<br><br>**Correction: Automated Tire Pressure Check (Adjustment Needed)**<br><br>Pay Type: Goodwill Internal | **0.00** |
| 2 | **Concern:** Check tire pressure and condition<br><br>**Repair Notes:** . Set all vehicle tire pressures to vehicle provided recommended specs. inspected tire tread depth. Recommend replace left rear tire due to excessive low tread at 2/32.<br>Tread Depth Measure Type<br>32nds<br>Tread depth Record the lowest measurement across all groves<br>Front Driver: 8<br>Front Passenger: 8<br>Back Driver: 2<br>Back Passenger: 7<br>Tire replacement recommended<br>Yes<br>Tire rotation recommended | **0.00** |

| | | | |
|---|---|---|---|
| | No<br><br>**Correction: Check Tire Tread Depth**<br><br>Pay Type: Goodwill Service | | |
| 3 | **Concern:** ***ESP a025 FrLWSSOpenOrShortToGnd***multiple alerts present on vehicle, customer was driving and multiple alerts appeared<br><br>**Repair Notes:** Customer complaint multiple alerts present on vehicle while driving. Inspected customer concern, function tested vehicle but was unable to duplicate concern, vehicle was not in a faulted state upon initial inspection. Downloaded and reviewed most recent diagnostic data and found alerts indicating a fault with the left front wheel speed sensor. Performed chassis system test and found alert set due to system detecting a short to ground on the left front wheel speed sensor. Removed frunk to gain access to sensor connector, performed wiring checks for power and ground and found readings to be irrational. Performed end to end continuity test and found sensor has an intermittent open circuit. Inspected sensor and harness and found harness is damaged caused by excessive slack and allowing harness to rub against tire and damaging sensor harness. Removed and replaced left front wheel speed sensor, performed adjustments and retested for concerns. Performed post repair test drive, alerts are no longer present, vehicle is driving and functioning as designed at this time without fault. No further repairs needed at this time.<br><br>**Correction: General Diagnosis**<br><br>**Correction: Adjustment: Exterior Trim**<br><br>**Correction: Trunk Load Floor - Front (Remove & Install) - Remove and Install**<br><br>**Correction: Sensor - Wheel Speed - ABS - Front - LH (Remove & Replace) - Remove and Replace**<br><br>**Parts Replaced or Added**<br><br>**Part** / **Quantity**<br>FRONT WHEEL SPEED SENSOR(1188761 00 A) / 1.00<br><br>Pay Type: Basic Vehicle Limited Warranty | | **0.00** |

Service Center hourly rate: USD 255

Notes: To assess your vehicle's Tire Wear and Condition, please see the Tire Care and Maintenance section from the digital Owner's Manual in your car.

All parts are new unless otherwise specified.

**Accepted Payment Methods:Major Credit Cards (Visa, Mastercard, AMEX, etc.), Debit Card, Cashier's Check**

You agree that:You are entitled to a price estimate for the repairs you have authorized. The repair price may be less than the estimate but shall not exceed (1) any price limited estimate or (2) any parts and labor estimate by more than 10%. Additional repairs may not be performed without your consent. This estimated price for authorized repairs will be honored if your vehicle is delivered to Tesla's facility within the time periodagreed to by you and Tesla. You may waive your right to a written estimate and require that you be notified if the price exceeds an amount you have specified. Tesla is not responsible for any personal

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| **Subtotal (USD)** | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Amount Due From Customer (USD)** | 0.00 |

items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

| **Paid by Customer (USD)** | 0.00 |
|---|---|

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop repair parts and parts required to be returned to the manufacturer or a third party under a warranty, trade in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

**Signature:** **Date:**

Warning:Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

**FullName:**

A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- You have the right to inspect your vehicle on Tesla premises prior to payment
- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla-branded parts purchased directly from Tesla over-the-counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle-warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;

- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP"or providing written notification to Tesla's customer representative.

**EXHIBIT B**

-29-

PLAINTIFF'S COMPLAINT FOR DAMAGES



THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

April 29, 2025

**VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED**

Tesla, Inc.
1 Tesla Road
Austin, TX 78725
Tracking No. 9589 0710 5270 1870 1891 51
2nd copy via U.S. Mail

| | |
|---|---|
| ***Re:*** | ***Vardanyan, Khachatur v. Tesla, Inc., a Texas Corporation, et al.*** |
| ***Vehicle:*** | ***2023 Tesla Model Y*** |
| ***VIN:*** | ***7SAYGDEE0PA028077*** |
| ***Our File No.:*** | ***LL250404-4326*** |

Dear Sir or Madam:

Pursuant to California Civil Code 1793.22(b) (3), please be advised that this office represents the above-named individual regarding claims against Tesla, Inc., a Texas Corporation ("Manufacturer") pursuant to the California Song-Beverly Consumer Warranty Act ("Lemon Law") and the Federal Magnuson-Moss Warranty Act with regard to the above-referenced vehicle. Please direct all future contacts and correspondences to our office as such.

**Having been formally notified of our representation, you are instructed not to contact our client under any circumstances. Direct all inquiries to this office. If you fail to act in conformity with this directive, injunctive relief will be sought against you.**

**Pursuant to California Civil Code 1794 (d) and/or 15 U.S.C. 2310(d), you are hereby notified that any settlement made with our client requires payment of our attorneys' fees. If you settle directly with our client and do not make arrangements for payment of our attorneys' fees, we will file suit against you. In addition, you are hereby notified of our attorneys' lien.**

There are numerous defects and non-conformities present in my client's automobile for which relief is sought, and numerous attempts to repair the subject vehicle have been unsuccessful. These defects and non-conformities include, but are not limited to:



THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

1. Defective electric drivetrain system – over one (1) failed repair attempts;
2. Defective front drive unit – over one (1) failed repair attempts;
3. Defective front drive unit inverter – over one (1) failed repair attempts;
4. Defective steering system – over one (1) failed repair attempts;
5. Defective steering wheel – over one (1) failed repair attempts;
6. Defective anti-lock braking systems ("ABS") – over one (1) failed repair attempts;
7. Defective ABS left front wheel speed sensor – over one (1) failed repair attempts;
8. Any additional complaints made by my client, whether or not they are contained in your company's records or on any repair orders.

The defects and non-conformities listed above constitute a substantial impairment in the use, value and safety of the subject vehicle. As seen in your records, my client has been most accommodating with respect to the problems with the subject vehicle. Despite several failed repair visits for the non-conformities, the subject vehicle remains defective. As such, the subject vehicle qualifies for a statutory repurchase under the presumption clause of the Song-Beverly Consumer Warranty Act. Therefore, there has been a failure and refusal to conform the subject vehicle to its expressed and implied warranties under the law. Because of these defects and non-conformities, my client has justifiably lost confidence in the vehicle and has limited use of the vehicle. When my client acquired the vehicle, my client did not expect to receive a defective vehicle that would endanger his life.

Therefore, you are hereby notified that my client is revoking acceptance of this vehicle. My client has directed me to demand the cancellation of the contracts, and the return of all funds paid towards this vehicle, including any trade-in value given, all collateral charges, finance charges and incidental and consequential damages. The subject vehicle clearly meets the definition of a "lemon" under the Song-Beverly Consumer Warranty Act. Manufacturer is obligated to offer a statutory repurchase/refund. **If Manufacturer fails to offer restitution or replacement of the subject vehicle within 30 days of receiving this letter, including reasonable attorneys' fees and costs, and further fails to complete the restitution or replacement within 60 days from the date of receipt of this letter, our client reserves the right to seek civil penalties under California Civil Code Section 1794(c), amounting to twice the amount paid/payable pursuant to the operative acquisition contract.** If Manufacturer has an offer alternative to the statutory repurchase, we kindly request that it be presented, along with an explanation for the denial of my client's demand for the statutory repurchase.

As of the date of this letter, my client remains in possession of the Subject Vehicle and has not sold or otherwise disposed of it.

Furthermore, you are hereby notified that my client intends to dispose of the subject vehicle as permitted under Cal. Civ. Proc. Code § 871.24 if the herein demand is not accepted by Manufacturer or in the event Manufacturer fails to offer a statutory remedy within 30 days from the date of this letter. In light of disposition of the subject vehicle resulting in lack of access to the



THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

evidence for future inspections, my client intends to have an expert inspect the subject vehicle prior to disposing of it.

Our attorneys' fees are minimal at this stage, and we would prefer to resolve this matter without the need for any more time spent on our part or on the part of your attorneys. Accordingly, if you wish to resolve this matter amicably, please feel free to contact my office. If the matter has not been resolved within thirty (30) days from the date of this letter, a lawsuit will be filed.

Failure to offer a remedy within the herein noted deadline or a unilateral request for or statement of self-granted extension of time for pre-litigation evaluation shall not be acceptable and shall be deemed a refusal to offer a timely remedy under the Song-Beverly Consumer Warranty Act. The only acceptable remedy shall be either an unequivocal offer to provide a statutory refund plus fees or an offer to provide a statutory refund plus fees upon confirmation of the history of listed non-conformities, within the herein stated deadline.

Very truly yours,

*<u>/s/ Hovanes Margarian</u>*

Hovanes Margarian
Attorney at Law

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by Superior Court of California, County of Los Angeles 6/12/2025 4:48 AM David W. Slayton, Executive Officer/Clerk of Court, By D. Gallegos, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
KHACHATUR VARDANYAN, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
~~Pasadena Courthouse~~
300 East Walnut Street, ~~Pasadena, CA 91101~~
ALHAMBRA COURTHOUSE
150 WEST COMMONWEALTH AVENUE
ALHAMBRA, CA 91801

CASE NUMBER:
*(Número del Caso):*
25NNCV04044

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hovanes Margarian, SBN 246359; Armen Margarian, SBN 313775; Shushanik Margarian, SBN 318617; The Margarian Law Firm, 462 West Colorado Street, Glendale. CA 91204; (818) 553-1000

David W. Slayton, Executive Officer/Clerk of Court

DATE: *(Fecha)* 06/12/2025 Clerk, by *(Secretario)* D. Gallegos, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: TESLA, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 06/16/25

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | FILED<br>Superior Court of California<br>County of Los Angeles<br>06/12/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: D. Gallegos Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25NNCV04044 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lauren A. R. Lofton | X | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 06/12/2025 By D. Gallegos, Deputy Clerk
(Date)

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Hovanes Margarian, SBN 246359
hovanesm@margarianlaw.com
Armen Margarian, SBN 313775
armenm@margarianlaw.com
Shushanik Margarian, SBN 318617
shushanik@margarianlaw.com
THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff
KHACHATUR VARDANYAN

Electronically FILED by Superior Court of California, County of Los Angeles 6/12/2025 4:48 AM David W. Slayton, Executive Officer/Clerk of Court, By D. Gallegos, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**THE COUNTY OF LOS ANGELES, NORTHEAST JUDICIAL DISTRICT**

| | |
|---|---|
| KHACHATUR VARDANYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.: 25NNCV04044<br><br>**PLAINTIFF'S STATEMENT OF DAMAGES** |

///

///

///

///

///

///

///

///

///

///

///

NOW COMES Plaintiff KHACHATUR VARDANYAN, by and through Plaintiff's attorneys of record, The Margarian Law Firm, with Plaintiff's Statement of Damages against Defendants TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive, alleges and affirmatively states as follows:

**DAMAGES**

1. Actual Damages:
   a. Cost of lease pursuant to the Lease Agreement: Thirty-Eight Thousand One Hundred Fifty-Seven Dollars and Sixty Cents ($38,157.60).
2. Civil penalties pursuant to Magnuson-Moss Warranty Act, UCC, and California Code:
   a. Twice the actual damages, hence Seventy-Six Thousand Three Hundred Fifteen Dollars and Two Cents ($76,315.20)
3. Attorneys' fees:
   a. At an hourly rate of Seven Hundred Fifty Dollars and No Cents ($750.00)
4. Costs:

| | |
|---|---|
| Filing Fees | Four Hundred Thirty-Five Dollars and No Cents ($435.00) |
| e-Filing Fees | Twenty-Five Dollars and Eighty-Three Cents ($25.83) |
| Service of Process Fees | Eighty Dollars and No Cents ($80.00) |
| Sub-Total | Five Hundred Forty Dollars and Eighty-Three Cents ($540.83) |

///

///

///

///

///

///

///

///

///

///

Grand total of One Hundred Fifteen Thousand Thirteen Dollars and Sixty-Three Cents ($115,013.63) plus attorneys' fees to date at time of settlement or judgment. The proposed form of judgment is an immediate cash payment of the aforementioned sums. This Statement of Damages is subject to amendment.

DATED: 06/12/025

THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204

By */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiff
KHACHATUR VARDANYAN

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when technologically feasible without impairment of the document's image.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________________ (INSERT DATE) for the complaint, and ____________________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

______________________________ ➢ ______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ________________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR ____________________)

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR ____________________)

Date:

(TYPE OR PRINT NAME) ➢ (ATTORNEY FOR ____________________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER

Print Save Clear

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| General Order Re Use of Voluntary Efficient Litigation Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |
|---|---|

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court



*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Hovanes Margarian, SBN 246359; Armen Margarian, SBN 313775
The Margarian Law Firm, 462 West Colorado Street, Glendale, CA 91204

TELEPHONE NO.: (818) 553-1000 FAX NO.: (818) 553-1005
EMAIL ADDRESS: hovanesm@margarianlaw.com
ATTORNEY FOR *(Name):* KHACHATUR VARDANYAN, an individual

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 6/12/2025 4:48 AM David W. Slayton, Executive Officer/Clerk of Court, By D. Gallegos, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: 300 East Walnut Street
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Pasadena Courthouse

CASE NAME:
KHACHATUR VARDANYAN v. TESLA, INC., et al.

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25NNCV04044
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[x] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/12/2025

Hovanes Margarian, Esq.
(TYPE OR PRINT NAME)

/s/ Hovanes Margarian
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

| SHORT TITLE | CASE NUMBER |
|---|---|
| KHACHATUR VARDANYAN v. TESLA, INC., et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| **Applicable Reasons for Choosing Courthouse Location (Column C)** | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE KHACHATUR VARDANYAN v. TESLA, INC., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| KHACHATUR VARDANYAN v. TESLA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☑ 3701 Contractual Fraud | 1, 2, (3), 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| KHACHATUR VARDANYAN v. TESLA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| KHACHATUR VARDANYAN v. TESLA, INC., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 9650 Via Rimini |
|---|---|---|---|
| CITY: Burbank | STATE: CA | ZIP CODE: 91504 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Northeast Judicial District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/12/2025

*/s/ Hovanes Margarian*
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.