# EXHIBIT 2

1  Hovanes Margarian, SBN 246359
   hovanesm@margarianlaw.com
2  Armen Margarian, SBN 313775
   armenm@margarianlaw.com
3  Shushanik Margarian, SBN 318617
   shushanik@margarianlaw.com
4  THE MARGARIAN LAW FIRM
   462 West Colorado Street
5  Glendale, California 91204
   Telephone Number: (818) 553-1000
6  Facsimile Number: (818) 553-1005

7  Attorneys for Plaintiff
   KHACHATUR VARDANYAN

8

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/12/2025 4:48 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk

*06/16/25*

*10:15 am*

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      THE COUNTY OF LOS ANGELES, NORTHEAST JUDICIAL DISTRICT

11

12  KHACHATUR VARDANYAN, an individual,    Case No.:   25NNCV04044

13          Plaintiff,                      **PLAINTIFF'S COMPLAINT FOR
                                            DAMAGES**
14  vs.

15  TESLA, INC., a Texas Corporation; and DOES 1
    through 30, inclusive,
16
17          Defendants.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT**

NOW COMES Plaintiff KHACHATUR VARDANYAN, by and through his attorneys of record, The Margarian Law Firm, with Plaintiff's Complaint for Damages against Defendants TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive, alleges and affirmatively states as follows:

**PARTIES**

1.    Plaintiff KHACHATUR VARDANYAN is and was at all times relevant herein an individual residing in Los Angeles County, State of California and leased the new 2023 Tesla Model Y bearing the Vehicle Identification Number 7SAYGDEE0PA028077 ("Subject Vehicle") in the State of California.

2.    Defendant TESLA, INC. ("Manufacturer" or "Defendant"), formerly known as Tesla Motors, Inc., is a Texas Corporation authorized to do business in the State of California and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Manufacturer is also in the business of marketing, supplying, and selling written warranties to the public, Manufacturer does business in all counties of the State of California, including the county of Alameda, at 45500 Fremont Boulevard, Fremont, CA 94538.

3.    Manufacturer, and DOES 1 through 30, inclusive, are collectively hereby referred to as Defendants.

**BACKGROUND**

4.    On or about 11/22/2022, Plaintiff leased from Manufacturer's store located at 45500 Fremont Boulevard, Fremont, CA 94538 for valuable consideration the Subject Vehicle manufactured by Manufacturer.

5.    The agreed upon value of the Subject Vehicle was Sixty-Six Thousand Four Hundred Forty Dollars and No Cents ($66,440.00). The total of payments under the lease totals Thirty-Eight Thousand One Hundred Fifty-Seven Dollars and Sixty Cents ($38,157.60).

6.    In consideration for the Lease Agreement, Manufacturer issued and supplied to Plaintiff several written warranties, including a four (4) year and fifty thousand (50,000) mile factory warranty, as well as other stated warranties fully outlined in the Manufacturer's Warranty Booklet.

7.    On or about 11/22/2022, Plaintiff took possession of the Subject Vehicle and shortly thereafter experienced the various defects listed below that substantially impair the use, value, and safety of the

Subject Vehicle.

8.    The defects listed below violate the express written warranties issued to Plaintiff by Defendant, as well as the implied warranty of merchantability.

9.    Plaintiff brought the Subject Vehicle to Manufacturer's authorized service and repair facility for various defects, including, but not limited to, the following:

- Defective electric drivetrain system – over one (1) failed repair attempt;

- Defective front drive unit – over one (1) failed repair attempt;

- Defective front drive unit inverter – over one (1) failed repair attempt;

- Defective left front lateral link bolt – over one (1) failed repair attempt;

- Defective steering system – over one (1) failed repair attempt;

- Defective anti-lock braking systems ("ABS") – over one (1) failed repair attempt;

- Defective ABS left front wheel speed sensor – over one (1) failed repair attempt;

- Any additional complaints made by Plaintiff, whether or not they are contained in Defendant's records or on any repair orders.

10.    Plaintiff provided Defendant sufficient opportunities to repair the Subject Vehicle.

11.    Plaintiff brought the Subject Vehicle to Manufacturer's authorized service and repair facility for repair on six (6) occasions. (The true and correct copies of the Subject Vehicle's repair orders are attached herein and marked as Exhibit A.)

a.    01/27/2023: Plaintiff brought the Subject Vehicle to Manufacturer's service center at the time located at 811 South San Fernando Boulevard, Burbank, CA 91502 ("Tesla Burbank") for repair because of several alerts indicating on the Subject Vehicle's cluster, including APP_w009 (automatic emergency braking is unavailable), DI_223 (traction control disabled), DI_a222 (stability control disabled), and DI_a138 (front motor disabled). The personnel at Tesla Burbank verified Plaintiff's complaint. Further investigation determined the root cause to be an internal, non-serviceable fault within the front drive inverter, therefore Tesla Burbank's personnel replaced the latter. The Subject Vehicle was at Tesla Burbank for a total of eight (8) days.

b.    01/31/2024: Plaintiff brought the Subject Vehicle to Tesla Burbank for repair because the

PLAINTIFF'S COMPLAINT FOR DAMAGES

left front control bolt became loose and almost fell out of the Subject Vehicle. The personnel at Tesla Burbank verified Plaintiff's complaint. During the inspection of the Subject Vehicle, one of the bolts securing the left front lateral link was found under-torqued. The bolt was removed and inspected, along with the threads on the subframe, but no damage was observed. The bolt was then reinstalled and torqued to proper specifications. Plaintiff also complained about the steering wheel lather lifting from the spokes. The personnel at Tesla Burbank verified Plaintiff's complaint. Upon inspection, the leather on the back of the steering wheel was found bubbling up and loose. Tesla Burbank's personnel replaced the steering wheel as a result. The Subject Vehicle was at Tesla Burbank for a total of two (2) days.

c.  03/07/2024: Plaintiff brought the Subject Vehicle to Tesla Burbank for repair because of multiple alerts being present on the Subject Vehicle's cluster, such as ESP_a025 (traction control disabled). The personnel at Tesla Burbank verified Plaintiff's complaint and found fault for the left front wheel speed sensor. After performing a test, the personnel discovered the sensor had an intermittent open circuit. Tesla Burbank's personnel further inspected the sensor and the harness of the Subject Vehicle and found the harness damaged. The personnel concluded that the damage to the harness was caused by excessive slack allowing the harness to rub against tire and get damaged. The left front wheel speed sensor was replaced as a result. The Subject Vehicle was at Tesla Burbank for a total of two (2) days.

12.    Subject Vehicle has been at Tesla's place of business undergoing repairs for nearly twelve (12) days.

13.    Manufacturer, through its authorized repair facility, was unable and/or failed to repair the Subject Vehicle within a reasonable number of attempts.

14.    As of the present date, the Subject Vehicle still has ongoing problems that were never resolved despite multiple repair attempts.

15.    Employees at Manufacturer's authorized service and repair facility allegedly performed repairs and performed complimentary vehicle inspections of the Subject Vehicle, but there was no change

1   in the defective parts, and the Subject Vehicle remains defective.

2       16.    Plaintiff justifiably lost confidence in the Subject Vehicle's reliability and said defects have

3   substantially impaired the use, value, and/or safety of the Subject Vehicle to Plaintiff.

4       17.    As a result of said defects, Plaintiff revoked acceptance of the Subject Vehicle in writing on

5   04/29/2025. (The true and correct copy notice of non-conformities is attached hereto and marked as

6   Exhibit B.)

7       18.    At the time of revocation, the Subject Vehicle was in substantially the same condition as at

8   the delivery except for damage caused by its own defects and ordinary wear and tear.

9       19.    To date, Manufacturer has failed to provide Plaintiff with the remedies Plaintiff is entitled to

10   upon revocation.

11       20.    The Subject Vehicle remains in a defective and unmerchantable condition and continues to

12   exhibit the above-mentioned defects that substantially impair its use, value, and/or safety.

13       21.    Plaintiff has and will continue to be financially damaged due to Defendant's failure to comply

14   with the provisions of its express and implied warranties.

15                   **FIRST CAUSE OF ACTION**

16                      FRAUD AND DECEIT

17                    *(Against All Defendants)*

18       22.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

19   Plaintiff's Complaint for Damages.

20       23.    The particularity requirement for fraud requires the pleading of facts showing how, when,

21   where, to whom, and by what means the representations were made. (*Stansfield v. Starkey*, 220 Cal.All.3d

22   59, 73 (1990).) Every element of fraud herein with specificity have been plead as follows:

23                   a.  How: Prior to Plaintiff's visit to Manufacturer on 11/22/2022, Defendant represented

24                       to Plaintiff that its vehicles were free from any latent defects. These representations

25                       were made in Manufacturer's New Vehicle Limited Warranty, as well as brochures,

26                       pamphlets, and other advertisement materials produced by Defendant.

27                   b.  When: At the time of leasing the Subject Vehicle (on 12/15/2023) and prior to Plaintiff

28                       leasing the Subject Vehicle.

    c.  Where: The discussions about the safety, quality, and reliability of the Subject Vehicle took place on Defendant's website, in the New Vehicle Limited Warranty, in the owner's manual, as well as other brochures, pamphlets, and advertisement materials produced by Defendant.

    d.  To Whom: The representations regarding the Subject Vehicle were made to Plaintiff.

    e.  What Means: The discussions were made by the use of English language, simple words. Defendant used its online website as well as its owner's manuals and other pamphlets and brochures to represent the Subject Vehicle as being free of defects.

24.    The requirement of specificity in a fraud action against a corporation requires Plaintiff to allege the names of persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *(Tarmann v. State Far Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).)

    a.  Names of Persons Who Made the Representations: The representations were made by Defendant's team of advertising and marketing personnel, including, but not limited to, Elon Musk, Chief Executive Officer and Member of the Board of Directors, Tom Zhu, Senior Vice President at Manufacturer.

    b.  Authority to Speak: Defendant's online and TV advertisements all invite consumers to visit Manufacture's stores and speak with a representative regarding its vehicles. The executives, by the very nature of their role within Defendant's company, had the authority to design and implement the fraudulent representations regarding the Subject Vehicle, implement procedures to train Manufacture personnel, and did do so in fact.

    c.  To Whom They Spoke: The representations regarding the Subject Vehicle were made to Plaintiff.

    d.  What They Said or Wrote: Defendant represented to Plaintiff that the Subject Vehicle was in excellent mechanical condition and free of any damages or defects. Defendant further represented that the Subject Vehicle was merchantable, safe, reliable, and fit for its ordinary purpose.

    e.  When It Was Said or Written: Prior to the time Plaintiff leased the Subject Vehicle on

11/22/2022.

25.     Moreover, in line with *Committee on Children's Television, Inc. v General Foods Corp.*, 35 Cal.3d 197, 216 (1983), Defendant necessarily possesses full information concerning the facts of the herein controversy since Manufacturer designed the defective vehicles, trained all personnel on how to discuss the defects when the vehicles are brought in for repair, and advertised the Subject Vehicle to the public as safe, reliable, and fit for its ordinary purpose. Therefore, despite the heightened pleading standard in a fraud case, in the present matter Defendant was well aware of the entire chain of events which have culminated in this lawsuit.

26.     Cal. Civ. Code § 1710 identifies four kinds of fraud: (1) intentional misrepresentation, (2) concealment, (3) false promise, and (4) negligent misrepresentation.

27.     Here, the fraud at hand is intentional misrepresentation and concealment.

28.     **Intentional misrepresentation** occurs when (a) a defendant represents to another that a fact was true; (b) the representation was actually false; (c) the defendant knew the representation was false (or was reckless about its truth); (d) the defendant intended the other person to rely on the statement; (e) the other person did rely on the statement; and (f) the other person was harmed by the reliance. Cal. Civ. Code, § 1710(1); *Lazar v. Superior Court* 12 Cal.4th 631, 638 (1996).

    A. On 11/22/2022, Defendant, by and through its agents, intentionally misrepresented material facts to Plaintiff, including, but not limited to, the following:

- That the Subject Vehicle was in excellent mechanical condition.
- That the Subject Vehicle was functionable and reliable.
- That the Subject Vehicle was safe and fit for its ordinary purpose.
- That the Subject Vehicle had no latent defect(s).
- That the Subject Vehicle was merchantable.

    B. The aforementioned representations are clearly false.

    C. Defendant made these representations knowing that they were false or made them recklessly and without regard for their truth. Defendant had knowledge of these material facts through sources not available to Plaintiff, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing

conducted in response to those complaints, including repair orders and high warranty reimbursement rates that can cost in the thousand dollars for each vehicle, and from other internal sources. Defendant had a duty to disclose the defects because:

- Defendant knew the representations made to Plaintiff were false [and/or made the representations recklessly and without regard for its truth] because it knew the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. Defendant knew this by having its experts inspect the Subject Vehicle before and after the Subject Vehicle acquisition and by running the vehicle history.

- Alternatively, in making such misrepresentations and committing such wrongful acts, Defendant acted with the conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and wrongful acts. If Defendant did not know affirmatively that the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable, then it should not have stated otherwise.

D. Defendant intended for Plaintiff to rely on the statement, and subsequently intended to defraud Plaintiff, since it wanted Plaintiff to lease the Subject Vehicle despite its defects.

E. Plaintiff reasonably relied on Defendant's assurances that the Subject Vehicle was functionable, reliable, safe, and fit for its ordinary purpose.

- Such reliance upon misrepresentations, material omissions, and/or wrongful acts was justified and reasonable under the circumstances. Defendant is an established business with positive reputation and reassuring infrastructure which put Plaintiff at ease. This gave Plaintiff no reason to mistrust Defendant.

- The representation from Defendant was material – a reasonable person would find it important to know that the Subject Vehicle was defective and was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. These factors affect the Subject Vehicle's reliability, lifespan, and value.

- The harm to Plaintiff was not otherwise inevitable or due to unrelated causes

PLAINTIFF'S COMPLAINT FOR DAMAGES

because Plaintiff would simply not have leased the Subject Vehicle at all and/or would have paid much less for the Subject Vehicle.

F.   As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

- Defendant intentionally misrepresented the Subject Vehicle. Plaintiff is therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiff now owns a vehicle that has a diminished value as a result of Defendant's intentional misrepresentation of, and failure to timely disclose, the aforementioned defects and the serious safety and quality issues caused by Defendant's conduct.

- The value of the Subject Vehicle is diminished because any reasonable consumer will be reluctant to lease the Subject Vehicle for the same price upon an honest disclosure of its history and current condition.

- Defendant's conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiff's rights. Accordingly, Defendant is liable to Plaintiff for his damages in an amount to be proven at trial, including, but not limited to, Plaintiff's lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the lease, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

29.   **Concealment** exists where a defendant (a) concealed or suppressed a material fact; (b) had

knowledge of this material fact; (c) that this material fact was not within reasonably diligent attention, observation, and judgment of a plaintiff; (d) that defendant suppressed or concealed this fact with the intention that the plaintiff be misled as to the true condition of the property; (e) that the plaintiff was reasonably so misled; and (f) that the plaintiff suffered a damage as a result.

A. On 11/22/2022, Defendant, by and through its agents, concealed, or suppressed material facts regarding the Subject Vehicle, including, but not limited to, the following:

- That the Subject Vehicle was not in excellent mechanical condition.
- That the Subject Vehicle was not functionable and reliable.
- That the Subject Vehicle was not safe and fit for its ordinary purpose.
- That the Subject Vehicle had latent defect(s).
- That the Subject Vehicle was unmerchantable.

B. Defendant made the representations knowing that they were false or made them recklessly and without regard for their truth. Defendant had knowledge of these material facts through sources not available to Plaintiff, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing conducted in response to those complaints, including repair orders and high warranty reimbursement rates that can cost in the thousands of dollars for each vehicle, and from other internal sources. Defendant had a duty to disclose the defects because it:

- Had exclusive and/or far superior knowledge and access to the facts, and knew the facts were not known to or reasonably discoverable by Plaintiff;
- Intentionally concealed the foregoing from Plaintiff;
- Made incomplete representations about the safety and reliability of the aforementioned defects, while purposefully withholding material facts from Plaintiff that contradicted these representations.

C. Defendant is an industry expert in manufacture, sale, and distribution of motor vehicles and related equipment and services and therefore had knowledge of material facts regarding the Subject Vehicle. These material facts were not within reasonably diligent attention, observation, and judgment of Plaintiff because Plaintiff has no professional

-10-

PLAINTIFF'S COMPLAINT FOR DAMAGES

expertise and very limited consumer experience in vehicle acquisition. Furthermore, Plaintiff was not experts in vehicle inspection.

D.  Defendant intentionally concealed and suppressed these material facts to falsely assure Plaintiff that the Subject Vehicle could perform safely, as represented by Defendant and reasonably expected by consumers.

- Defendant omitted these material facts, with the intention to deceive, defraud, and induce Plaintiff into acting in reliance on the representations Defendant had made to Plaintiff and to induce Plaintiff to lease the Subject Vehicle.

- Defendant actively concealed or suppressed these material facts, in whole or in part, to maintain a market for its vehicles, to protect/maximize its profits, and to avoid recalls that would hurt Defendant's businesses and cost Defendant money. It did so at the expense of Plaintiff.

E.  Plaintiff was unaware of these omitted material facts and would not have acted as he did if he had known of the concealed or suppressed facts. Plaintiff did not receive the benefit of the bargain as a result of Defendant's fraudulent concealment.

- These omitted and concealed facts were material because they would be relied on by a reasonable person purchasing, leasing, or retaining a new or used motor vehicle, and because they directly impact the value of the Subject Vehicle acquired by Plaintiff.

- Whether Manufacturer's vehicles are functionable, reliable, safe, and/or fit for their ordinary purpose and whether Manufacturer stands behind its vehicles, are material concerns to a consumer.

- Plaintiff trusted Defendant not to lease him a vehicle that was defective or that violated federal law governing motor vehicle safety, and to uphold its recall obligations under the Lease Agreement and governing laws. Plaintiff had no reason to believe Defendant was hiding information during Plaintiff's inquiry about these facts.

- Plaintiff asked about these facts. Defendant lied, made misrepresentations, and did

not disclose what it knew about the Subject Vehicle's history and condition.

F.   As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages for which relief is sought herein. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

- Defendant committed concealment. Plaintiff is therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiff now owns a vehicle that has a diminished value because of Defendant's concealment of, and failure to timely disclose, the aforementioned defects, and the serious safety and quality issues caused by Defendant's conduct.

- The value of the Subject Vehicle is diminished because of the concealed negative facts about the value which will make any reasonable consumer reluctant to acquire the vehicle for the same price as paid by Plaintiff.

- Defendant's conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiff' rights. Accordingly, Defendant is liable to Plaintiff for his damages in an amount to be proven at trial, including, but not limited to, Plaintiff's lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the lease, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

///

///

## SECOND CAUSE OF ACTION

BREACH OF WRITTEN WARRANTY

PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

*(Against All Defendants)*

30.     Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

31.     Plaintiff acquired a consumer product and received the Subject Vehicle during the duration of a written warranty period as defined in 15 U.S.C. § 2301(6) applicable to the Subject Vehicle and is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

32.     Manufacturer is a business entity engaged in the business of making a consumer product directly available to Plaintiff.

33.     The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("Warranty Act") is applicable to Plaintiff's Complaint in that the Subject Vehicle was manufactured and sold after July 4, 1975, and costs in excess of Ten Dollars ($10.00).

34.     Plaintiff's lease of the Subject Vehicle was accompanied by written factory warranties for any nonconformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the lease of the Subject Vehicle to repair the Subject Vehicle or take other remedial action free of charge to Plaintiff with respect to the Subject Vehicle if the Subject Vehicle failed to meet the specifications set forth in said undertaking.

35.     Said warranties were the basis of the bargain of the agreement between Plaintiff and Manufacturer for the sale of the Subject Vehicle to Plaintiff.

36.     Said acquisition of Plaintiff's Subject Vehicle was induced by, and Plaintiff relied upon, these written warranties.

37.     Plaintiff has met all of his obligations and preconditions as provided in the written warranties.

38.     Manufacturer's tender of the Subject Vehicle was substantially impaired to Plaintiff.

39.     Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiff, constitutes a violation of 15 U.S.C. § 2301, *et seq.*

40.   As a direct and proximate result of Manufacturer's failure to comply with its express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff was entitled to bring suit for such damages and other equitable relief.

**THIRD CAUSE OF ACTION**

BREACH OF IMPLIED WARRANTY

PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

*(Against All Defendants)*

41.   Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

42.   The Subject Vehicle acquired by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7) running from Manufacturer to the intended consumer, Plaintiff herein.

43.   Manufacturer is a supplier of consumer goods as a business entity engaged in the business of making a consumer product directly available to Plaintiff.

44.   Pursuant to 15 U.S.C. § 2308(a), Manufacturer is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Manufacturer has entered into a contract in writing within ninety (90) days of purchase and/or lease to perform services relating to the maintenance or repair of a motor vehicle.

45.   Plaintiff's Subject Vehicle was impliedly warranted to be substantially free of defects and nonconformities in both material and workmanship, and thereby fit for the ordinary purpose for which the Subject Vehicle was intended.

46.   The Subject Vehicle was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

47.   The above-described defects in the Subject Vehicle render the Subject Vehicle unfit for the ordinary and essential purpose for which the Subject Vehicle was intended.

48.   Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiff, constitutes a violation of 15 U.S.C. § 2301, *et seq.*

49.    Any efforts to limit the implied warranties in a manner that would exclude coverage of the
Subject Vehicle is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the
Subject Vehicle is null and void.

50.    Any limitations on the warranties are procedurally unconscionable. There was unequal
bargaining power between Manufacturer, on the one hand, and Plaintiff, on the other.

51.    Any limitations on the warranties are substantively unconscionable. Manufacturer knew that
the Subject Vehicle was defective and would continue to pose a safety risk after the warranties
purportedly expired. Manufacturer failed to disclose the aforementioned defects to Plaintiff. Thus,
Manufacturer's enforcement of the durational limitations on those warranties is harsh and shocks the
conscience.

52.    Plaintiff has had sufficient direct dealings with Manufacturer to establish privity of contract.

53.    Plaintiff provided written notice of breach to Manufacturer and a request to cure. Nonetheless,
as a direct and proximate result of Manufacturer's failure to comply with its implied warranties, Plaintiff
has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for
such damages and other equitable relief.

54.    Furthermore, affording Manufacturer an opportunity to cure its breach of written warranties
would be unnecessary and futile here. At the time of the lease of the Subject Vehicle, Manufacturer knew,
should have known, or was reckless in not knowing of its misrepresentations concerning the Subject
Vehicle's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose
the defective design. Under the circumstances, the remedies available under any informal settlement
procedure would be inadequate and any requirement that Plaintiff resorts to an informal dispute resolution
procedure and/or afford Manufacturer a reasonable opportunity to cure its breach of warranties is excused
and thereby deemed satisfied.

55.    Plaintiff provided written notice of breach of implied warranties and related consumer
protection laws, and opportunity to cure, via mail to Manufacturer.

56.    Plaintiff would suffer economic hardship if he returned the Subject Vehicle but did not receive
the return of all payments made by him. Because Manufacturer is refusing to acknowledge any revocation
of acceptance and return immediately any payments made, Plaintiff has not accepted the defects by

retaining the Subject Vehicle.

### FOURTH CAUSE OF ACTION

### BREACH OF WRITTEN WARRANTY

### PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

### *(Against All Defendants)*

57.    Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

58.    Manufacturer is the warrantor of the Subject Vehicle's express warranty.

59.    Pursuant to the Subject Vehicle's express warranty, Manufacturer undertook to preserve or maintain the utility or performance of the Subject Vehicle or provide compensation if there was a failure in such utility or performance.

60.    The Subject Vehicle has and has had serious defects and nonconformities to warranty including, but not limited to, the defects described above.

61.    Under the Song-Beverly Consumer Warranty Act (the "California Lemon Law"), the Subject Vehicle is a "new motor vehicle" leased primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for this purpose. (Cal. Civ. Code §1793.22(e)(2).)

62.    Plaintiff is a "lessee" of the Subject Vehicle under the California Lemon Law.

63.    The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the Subject Vehicle.

64.    Pursuant to Cal. Civ. Code § 1793.2(c), Plaintiff has delivered the Subject Vehicle to the Manufacturer's service and repair facility within this state within the terms of protection and has tendered the Subject Vehicle for repairs of the above-mentioned defects that substantially affect the use, value, and safety of the Subject Vehicle.

65.    Manufacturer, through its service and repair facility, has been unable to repair the said defects in a reasonable number of attempts.

66.    By failure of Manufacturer to remedy the defects as alleged above, or to issue a refund or replacement, Manufacturer is in breach of its obligations under the California Lemon Law.

67.    Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under the California Lemon Law.

68.    Pursuant to Cal. Civ. Code § 1793.2(d), Plaintiff is entitled to a refund of the total cost under the Lease Agreement, including all collateral charges such as sales tax, license fees, registration fees, and other official fees, plus any incidental damages including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

69.    Pursuant to Cal. Civ. Code § 1794, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorneys' fees reasonably incurred.

70.    Manufacturer has willfully violated the provisions of this act by knowing of its obligations to refund or replace Plaintiff's Subject Vehicle but failing to fulfill them.

**FIFTH CAUSE OF ACTION**

BREACH OF IMPLIED WARRANTY

PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

*(Against All Defendants)*

71.    Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

72.    The Subject Vehicle acquired by Plaintiff was subject to an implied warranty of merchantability as defined in Cal Civ. Code. § 1790, *et seq.* running from Manufacturer to the intended consumer, Plaintiff herein.

73.    The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

74.    Manufacturer is a supplier of consumer goods as a business entity engaged in the business of making a consumer product directly available to Plaintiff.

75.    Manufacturer is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code § 1790, *et seq.*

-17-

76.     Pursuant to Cal. Civ. Code § 1790, *et seq.*, Plaintiff's Subject Vehicle was impliedly warranted to be fit for the ordinary use or which the Subject Vehicle was intended.

77.     The Subject Vehicle was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

78.     Because the Subject Vehicle was leased to Plaintiff with serious defects that manifested themselves within the period of the implied warranty and which substantially reduce its safety and performance, it (1) would not pass without objection in the trade under the contract description; (2) was and is not fit for the ordinary purposes for which such goods are used; (3) was not adequately contained, packaged, and labeled; and (4) did not conform to the promises or affirmations of fact made on the container or label.

79.     The above-described defects in the Subject Vehicle caused it to fail to possess the most basic degree of fitness for ordinary use.

80.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Subject Vehicle and are entitled under the California Lemon Law to rescind the Lease Agreement and to restitution of all money paid towards the Lease Agreement. This Complaint also hereby rejects and revokes acceptance of the Subject Vehicle.

81.     As a result of the breach of implied warranty by Manufacturer, Plaintiff has suffered and continue to suffer various damages.

## SIXTH CAUSE OF ACTION

VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.

*(Against All Defendants)*

82.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

83.     Plaintiff has standing to bring this claim because he has lost money or property as a result of the alleged misconduct.

84.     A plaintiff has standing when he/she (1) loses or is deprived of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) the economic injury was the result of, i.e., caused

1    by, the unfair business practice of false advertising that is the gravamen of the claim. *Kwikset Corp. v.*

2    *Superior Court*, 52 Cal.4th 310, 322 (2011.)

3        85.    Economic injury from unfair competition exists if a plaintiff (1) surrenders in a transaction

4    more, or acquires in a transaction less, than he or she otherwise would have; (2) has a present or future

5    property interest diminished; (3) is deprived of money or property to which he, she or it has a cognizable

6    claim; or (4) is required to enter into a transaction, costing money or property, that would otherwise have

7    been unnecessary. *Id.* at 323.

8        86.    California Business & Professions Code § 17200, *et seq.* prohibits any unlawful, unfair, or

9    fraudulent business act or practice. It also prohibits unfair, deceptive, untrue, or misleading advertising.

10       87.    The **unlawful** prong "borrows violations of other laws and treats them as independently

11   actionable." *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837, 51 Cal.Rptr.3d 118

12   (2006). Defendant engaged in unlawful business acts and practices by: (1) selling defective vehicles to

13   the public while misrepresenting their condition; and (2) concealing and failing to disclose a known

14   defect. These acts and practices were intended to and did violate several laws, including, but not limited

15   to, Cal. Civ. Code § 1709, *et seq.* and the California Lemon Law.

16       •   Cal. Civ. Code § 1709 states that "one who willfully deceives another with intent to induce

17           him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

18           Here, Defendant violated § 1709 in that Defendant intentionally misrepresented the safety and

19           reliability of the Subject Vehicle to induce Plaintiff's lease of the Subject Vehicle.

20       88.    The **unfair** prong requires alleging a practice that "offends an established public policy or is

21   immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bardin v. Daimler*

22   *Chrysler Corp.*, 136 Cal.App.4th 1255, 1263, 1266, 39 Cal.Rptr.3d 634 (2006). Defendant engaged in

23   unfair business acts or practices in that the justification for selling and leasing vehicles based on the

24   misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the

25   resulting harm, particularly considering the available alternatives, and offends public policy, is immoral,

26   unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

27       •   A business act is **unfair** if (1) the consumer injury is substantial, (2) the injury is not

28           outweighed by any countervailing benefits to consumers or competition, and (3) the injury

could not reasonably have been avoided by consumers themselves.

- Here, Plaintiff's injury is substantial since Plaintiff would not have otherwise acquired the Subject Vehicle had he known the Subject Vehicle was not safe, not reliable, and not fit for its intended purpose. Plaintiff has further been damaged in that he has paid out of pocket expenses to repair, tow, and otherwise store the Subject Vehicle as well as paid money towards a rental vehicle while the Subject Vehicle was nonoperational.

- Plaintiff's injury is not outweighed by any countervailing benefits to consumers or competition. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

- Plaintiff specifically inquired about the Subject Vehicle's condition and whether it was free from defects. Defendant knowingly and/or recklessly lied to Plaintiff to induce the lease of the Subject Vehicle. Plaintiff's injury, therefore, could not reasonably have been avoided by Plaintiff.

89. The **fraudulent** prong "requires a showing [that] members of the public are likely to be deceived." *Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 871, 118 Cal.Rptr.2d 770 (2002). Defendant engaged in fraudulent business acts or practices in that the representations and omissions of material fact described above have a tendency and likelihood to deceive purchasers and/or lessees of these vehicles, and the general public.

- An advertisement or promotional practice is likely to deceive if it includes assertions that are (1) untrue, or (2) "'true [, but] are either actually misleading or which [have] the capacity, likelihood or tendency to deceive or confuse the public.' [Citation]." (*Kasky v. Nike, Inc.* 27 Cal.4th 939, 951 (2002); *Leoni v. State Bar* 39 Cal.3d 609, 626 (1985).)

- Here, Defendant's practice of misrepresenting the safety and reliability of it vehicles is likely to deceive members of the public because the statements are untrue. It is inconceivable to think that consumers will be able to see through Defendant's misrepresentations and know that Defendant's vehicles are neither safe, nor reliable, nor fit for their intended purpose.

90. The business scheme employed by Defendant is unlawful, unfair, and fraudulent because Defendant is purposely concealing information about the aforementioned defects so that consumers, like

1   Plaintiff, will purchase and/or lease a vehicle that is neither functionable, reliable, safe, nor fit for its

2   ordinary purpose.

3       91.    Defendant deceived Plaintiff by failing to disclose the aforementioned defects and inducing

4   the lease of the Subject Vehicle.

5       92.    Defendant has every intention of deceiving and injuring consumers. If it did not, then

6   Defendant would not be so immoral, unethical, oppressive, unscrupulous, and deceptive when it comes

7   to the defective Subject Vehicle.

8       93.    The business scheme deployed by Defendant to deceive Plaintiff into acquiring the Subject

9   Vehicle with the aforementioned defects is unlawful, unfair, and fraudulent.

10       94.    Plaintiff surrendered more in the transaction because he acquired a vehicle that was defective.

11   Had Plaintiff been aware of the aforementioned defects, he would not have acquired the Subject Vehicle

12   in the first place and/or at least paid less for the Subject Vehicle. As such, Plaintiff has established a loss

13   or deprivation of money or property sufficient to qualify as injury in fact. *Kwikset Corp.*, 52 Cal.4th 310,

14   323.

15       95.    Defendant commits these acts with the conscious and reckless disregard to the truth or falsity

16   of such misrepresentations and promises and wrongful acts in violation of Cal. Bus. & Prof. Code §

17   17200, *et seq.*

18       96.    The acts of Defendant as herein described, present a continuing threat to members of the

19   general public in that Defendant continues to engage in these deceptive practices and will not cease doing

20   so unless and until an injunction is issued by this Court.

21       97.    If Defendant is allowed to continue to engage in these deceptive practices other consumers

22   will also purchase and/or lease defective vehicles putting themselves and others on the road in extreme

23   danger.

24       98.    As a direct result of the aforementioned acts, Defendant unlawfully, unfairly, and unjustly

25   collected and continues to hold revenues and profits derived directly or indirectly from Plaintiff, who has

26   been victimized by the practices challenged herein. Defendant failed to disgorge and/or waive any of

27   these revenues that do not properly belong to it.

28       99.    In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17200 and 17203, Plaintiff is

1    entitled to an order enjoining the unlawful, unfair, deceptive, and/or fraudulent acts as described herein,

2    and directing Defendant to make full restitution to Plaintiff, who has suffered from such acts.

3        100.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered

4    damages for which relief is sought herein.

5        101.    Specifically, damages include all monthly payments made on the Subject Vehicle, and any

6    and all incidental and consequential damages as a result of the lease, which would not have taken place

7    but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent

8    for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles.

9    Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and

10   a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as

11   represented to Plaintiff, plus tax and licensing fees.

12   **SEVENTH CAUSE OF ACTION**

13   VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.

14   *(Against All Defendants)*

15       102.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

16   Plaintiff's Complaint for Damages.

17       103.    Plaintiff has standing to bring this claim because he has lost money or property as a result of

18   the misconduct alleged.

19       104.    Cal. Bus. & Prof. Code § 17500, *et seq.* prohibits unfair, deceptive, untrue, or misleading

20   communications and statements, including, but not limited to, false statements as to the nature of services

21   to be provided.

22       105.    The business scheme employed by Defendant is unfair, deceptive, untrue, and misleading

23   because it is taking advantage of its status as an expert in the industry and selling/leasing vehicles to

24   consumers who are unaware, and have no reason to be aware, that the vehicles are in fact defective.

25       106.    Defendant deceived Plaintiff by designing, manufacturing, producing, distributing, selling

26   and/or leasing the Subject Vehicle with the aforementioned defects.

27       107.    Defendant intentionally made the previously alleged misrepresentations and promises,

28   devised, and executed a scheme to defraud Plaintiff, and did so resulting in a damage to Plaintiff with the

1    conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and

2    wrongful acts.

3        108.    In acting so, Defendant committed acts of untrue and misleading advertising as defined in Cal.

4    Bus. & Prof. Code § 17500, by advertising its services contrary to their true nature.

5        109.    Defendant knew, or should have known, that the Subject Vehicle was defective and therefore

6    was not functionable, reliable, safe, or even fit for its ordinary purpose.

7        110.    Plaintiff did in fact rely on Defendant's deceptive, untrue, and misleading communications

8    and statements and suffered damages as a direct result. Specifically, Defendant's deceptive, untrue, and

9    misleading communications and statements tricked Plaintiff into acquiring the Subject Vehicle. As such,

10   Plaintiff has established a loss or deprivation of money or property sufficient to qualify as injury in fact.

11   *Kwikset,* 52 Cal.4th 310, 323.

12       111.    Plaintiff's reliance on the representations was justified and reasonable because Defendant is

13   an expert in the industry. There was no reason for Plaintiff to know that the Subject Vehicle was defective

14   and therefore was not functionable, reliable, safe, or even fit for its ordinary purpose.

15       112.    Defendant's unfair, deceptive, untrue, and misleading communications and advertising

16   described above present a continuing threat to members of the general public in that Defendant will

17   continue to engage in these practices with respect to the general public and will not cease doing so unless

18   and until an injunction is issued by this Court.

19       113.    If Defendant is allowed to continue to engage in these deceptive practices more consumers

20   will purchase and/or lease defective vehicles putting more and more people in extreme danger.

21       114.    As a direct result of the aforementioned acts, Defendant has received, and continues to

22   unjustly hold, collect, or accept revenues derived directly or indirectly from Plaintiff, through untrue and

23   misleading representations and advertising.

24       115.    In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17500 and 17535, Plaintiff is

25   entitled to an order enjoining the acts of untrue and misleading advertising and representations described

26   herein and directing Defendant to make full restitution to Plaintiff, who suffered from such acts.

27       116.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered

28   damages for which relief is sought herein.

-23-
PLAINTIFF'S COMPLAINT FOR DAMAGES

117.    Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE

*(Against All Defendants)*

118.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

119.    At all times mentioned herein, Defendant was engaged in the business of designing, manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of the Subject Vehicle.

120.    At all times mentioned herein, Defendant had a duty of care in the designing, manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of the Subject Vehicle.

121.    At all times herein mentioned, Defendant had a duty to warn all users of its vehicles of the attendant risks of harm, said risks of harm being at all times known and/or foreseeable to Defendant.

122.    At all times herein mentioned, Defendant knew, or in the exercise of reasonable care should have known, that if the Subject Vehicle was not properly designed, manufactured, tested, distributed, leased to, inspected, repaired, marketed, constructed, and labeled, for the use and purpose for which the Subject Vehicle was intended, the Subject Vehicle was likely to cause injuries to owners, passengers, and users of the Subject Vehicle.

123.    Since the date of the lease, Plaintiff has used the Subject Vehicle in the way it was intended to be used. At that time and prior thereto, Defendant negligently and carelessly manufactured, designed, constructed, equipped, tested, installed, repaired, assembled, maintained, and handled the Subject Vehicle

1  so that it was defective and unsafe when used and operated in the manner for which it was intended.

2      124.    The Subject Vehicle's defects existed at the time it left Defendant's control.

3      125.    As a direct and legal result of the Subject Vehicle's defects, Plaintiff was injured by the

4  Subject Vehicle while it was being used in the manner for which it was intended, the risk of which was

5  at all times known and foreseeable to Defendant.

6      126.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered

7  damages for which relief is sought herein.

8      127.    Specifically, damages include all monthly payments made on the Subject Vehicle, and any

9  and all incidental and consequential damages as a result of the lease, which would not have taken place

10  but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent

11  for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles.

12  Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and

13  a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as

14  represented to Plaintiff, plus tax and licensing fees.

15                              **NINTH CAUSE OF ACTION**

16                                STRICT LIABILITY

17                              *(Against All Defendants)*

18      128.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

19  Plaintiff's Complaint for Damages.

20      129.    The Subject Vehicle was defective in its design and/or its manufacture.

21      130.    Manufacturer is the manufacturer of the Subject Vehicle.

22      131.    The Subject Vehicle's defects existed when it left Manufacturer's possession.

23      132.    The defects were the cause of Plaintiff's injury.

24      133.    Plaintiff's injury resulted from his reasonably foreseeable use of the Subject Vehicle.

25      134.    As a direct and proximate result of the acts and omissions of Manufacturer, Plaintiff has

26  suffered damages for which relief is sought herein.

27      135.    Specifically, damages include all monthly payments made on the Subject Vehicle, and any

28  and all incidental and consequential damages as a result of the lease, which would not have taken place

but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

- For recovery of the greater of actual damages according to proof, if adequate, as appropriate;
- For recovery of all incidental damages, as appropriate;
- For recovery of all consequential damages, as appropriate;
- For restitution, as appropriate;
- For injunctive relief, as appropriate;
- For recovery of interest at the legal rate, as appropriate;
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to California's Private Attorney General Statute, Cal. Civ. Proc. Code § 1021.5, as appropriate; or
- Recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to Cal. Civ. Code § 1794;
- For refund of all monies paid for the Subject Vehicle including all collateral charges and incidental damages pursuant to Cal. Civ. Code § 1793.2(d);
- A civil penalty not to exceed two times the amount of actual damages pursuant to Cal. Civ. Code § 1794(c);
- For refund of all monies paid for the Subject Vehicle pursuant to 15 U.S.C. § 2304(a)(4);
- For refund of all incidental and consequential damages incurred pursuant to 15 U.S.C. § 2304(a)(3);
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to 15 U.S.C. § 2310(d)(2);

- For recovery of One Hundred Fifteen Thousand Thirteen Dollars and Sixty-Three Cents ($115,013.63) in damages.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL IN THIS MATTER.**

DATED: 06/12/2025

THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204

By */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiff
KHACHATUR VARDANYAN

-27-