Soheyl Tahsildoost (Bar No. 271294)
Sarah Suard (Bar No. 360280)
THETA LAW FIRM, LLP
12100 Wilshire Blvd. Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Tesla, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHACHATUR VARDANYAN, an individual, | Case No.: 2:25-cv-6481 |
| Plaintiff, | **DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive, | Judge: Hon. Consuelo B. Marshall |
| Defendants. | Magistrate Judge: Stephanie S. Christensen |

Defendant Tesla, Inc. ("Defendant" or "Tesla"), hereby answers the unverified Complaint on file against it as follows:

1. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 except that Defendant admits Plaintiffs purchased a 2023 Tesla Model Y bearing the Vehicle Identification Number 7SAYGDEE0PA028077 ("subject vehicle").

2. As to Paragraph 2 of the Complaint, Defendant admits that it is a Delaware Corporation and is registered to conduct business in the State of California. Defendant admits that there was an express limited warranty accompanying the

1

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

3. Paragraph 3 is not a statement that is subject to admission or denial.

4. As to Paragraph 4, Defendant admits that Plaintiffs acquired the subject vehicle.

5. Paragraph 5 is a statement of refence not subject to admission or denial.

6. As to Paragraph 6, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

7. As to Paragraph 7 Defendant admits Plaintiff presented the vehicle for service or repair to an authorized service center but denies that the vehicle was defective or that Tesla and/or Defendant were unable to conform the vehicle to warranty.

8. As to Paragraph 8, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein. Defendant denies that the vehicle was defective or that Tesla was unable to conform the vehicle to warranty.

9. As to Paragraph 9, Defendant admits Plaintiffs presented the vehicle for service or repair to an authorized service center but denies that the vehicle was defective or that Tesla was unable to conform the vehicle to warranty.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies said allegations.

11. As to Paragraph 11, Defendant admits Plaintiffs presented the vehicle for service or repair to an authorized service center but denies that the vehicle was defective or that Tesla was unable to conform the vehicle to warranty.

12. As to Paragraph 12, Defendant admits Plaintiffs presented the vehicle for service or repair to an authorized Service center but denies that the vehicle was

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

defective or that Tesla was unable to conform the vehicle to warranty. Defendant otherwise lacks sufficient information to respond to the remaining allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies said allegations.

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies said allegations.

16. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies said allegations.

17. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies said allegations.

18. As to Paragraph 18, Defendant denies that the subject vehicle was defective. The remaining allegations contain a statement of reference not subject to admission or denial.

18. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies said allegations.

19. Defendant states that Paragraph 19 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Paragraph 22 of the Complaint is a statement of reference, not subject to admission or denial.

23. Paragraph 23 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

or denial. Defendant denies any allegations in Paragraph 23.

24. Paragraph 24 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant denies any allegations in Paragraph 24.

25. Paragraph 25 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant denies any allegations in Paragraph 25.

26. Paragraph 26 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

27. Paragraph 27 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant denies any allegations in Paragraph 26.

28. Paragraph 28 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant denies the remaining allegations in Paragraph 28.

29. Paragraph 29 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant denies the remaining allegations in Paragraph 29.

30. Paragraph 31 of the Complaint is a statement of reference, not subject to admission or denial.

31. Paragraph 30 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant denies the remaining allegations in Paragraph 30.

32. As to Paragraph 32, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein. The remaining allegations in Paragraph 32 contain a statement

4

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

of Plaintiffs' interpretation of applicable law and are not allegations that are subject to admission or denial but nonetheless Defendant denies the remaining allegations in Paragraph 32.

33. As to Paragraph 33 of the Complaint, Defendant Tesla admits that it manufactured the subject vehicle and distributed it when it was new.

34. Paragraph 34 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial, but nevertheless Defendant denies any allegations in Paragraph 34.

35. As to Paragraph 35, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

36. As to Paragraph 36, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

37. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 37 and on thar basis denies said allegations.

38. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies said allegations.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant states that Paragraph 40 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

41. Paragraph 41 of the Complaint is a statement of reference, not subject to admission or denial.

42. Paragraph 42 of the Complaint contains a statement of Plaintiffs'

5

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

interpretation of applicable law and is not an allegation that is subject to admission or denial.

43. Paragraph 43 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

44. As to Paragraph 44 of the Complaint, Defendant Tesla admits that it manufactured the subject vehicle and distributed it when it was new.  Defendant otherwise denies the allegations in Paragraph 44.

45. Paragraph 45 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

46. As to Paragraph 46, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

46. As to Paragraph 46, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis denies said allegations.

53. Paragraph 53 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nevertheless Defendant denies said allegations.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

54. Defendant states that Paragraph 54 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

55. Paragraph 55 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nevertheless Defendant denies said allegations.

56. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis denies said allegations.

57. Paragraph 57 of the Complaint is a statement of reference, not subject to admission or denial.

58. As to Paragraph 58, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

59. As to Paragraph 59, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies said allegations.

62. Paragraph 62 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nevertheless Defendant denies said allegations.

63. Paragraph 63 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nevertheless Defendant denies said allegations. Defendant denies the

7

allegations in Paragraph 63 of the Complaint to the extent Plaintiffs allege the subject vehicle is somehow defective.

64. Defendant denies the allegations in Paragraph 64 of the Complaint to the extent Plaintiffs allege the subject vehicle is somehow defective.

65. As to paragraph 65, Defendant admits that the subject vehicle was presented for service and/or repairs to an authorized Porsche dealer. Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein. Defendant denies the allegations in Paragraph 65 of the Complaint to the extent Plaintiffs allege the subject vehicle was somehow defective or that Defendant was unable to conform the vehicle to warranty. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint, and on that basis denies said allegations.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant states that Paragraph 67 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

68. Defendant states that Paragraph 68 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

69. Defendant states that Paragraph 69 of the Complaint purports to allege relief to which Plaintiff claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

70. Defendant denies the allegations in Paragraph 71.

71. Paragraph 71 contains a statement of incorporation not subject to admission or denial.

72. Paragraph 72 of the Complaint is a statement of reference, not subject to admission or denial.  Defendant admits that there was an implid warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

73. Paragraph 73 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

74. Paragraph 74 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

75. As to Paragraph 75 of the Complaint, Defendant Tesla admits that it manufactured the subject vehicle and distributed it when it was new.

76. Paragraph 76 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

77. As to Paragraph 78, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant states that Paragraph 80 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, Defendant responds

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

81. Defendant states that Paragraph 81 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

82. Paragraph 82 of the Complaint is a statement of reference, not subject to admission or denial.

83. Defendant states that Paragraph 83 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

84. Paragraph 84 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nonetheless Defendant denies the allegations in Paragraph 84.

85. Paragraph 85 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

86. Paragraph 86 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nonetheless Defendant denies the allegations in Paragraph 86.

87. Paragraph 87 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial but nonetheless Defendant denies the allegations in Paragraph 87.

88. Paragraph 88 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

or denial. Defendant otherwise denies the remaining allegations in Paragraph 88.

89. Paragraph 89 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. Defendant otherwise denies the remaining allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant states that Paragraph 100 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

101. Defendant states that Paragraph 101 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

102. Paragraph 102 contains a statement of reference not subject to admission or denial.

103. Paragraph 103 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

or denial. Defendant otherwise denies the remaining allegations in Paragraph 103.

104. Paragraph 104 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

105. Paragraph 105 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies said allegations. Defendant otherwise denies the remaining allegations in Paragraph 110.

111. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies said allegations. Defendant otherwise denies the remaining allegations in Paragraph 111.

112.  Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116.  Defendant denies the allegations in Paragraph 116.

117. Defendant states that Paragraph 117 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs. Defendant further denies that it is responsible for any alleged damages.

118. Paragraph 118 of the Complaint is a statement of reference not subject to

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

admission or denial.

119. Paragraph 119 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

120. Paragraph 120 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

121. Paragraph 121 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial.

122. Defendant denies the allegations in Paragraph 122.

123. Paragraph 123 of the Complaint contains a statement of Plaintiffs' interpretation of applicable law and is not an allegation that is subject to admission or denial. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs. Defendant further denies any other allegations in Paragraph 123.

124. Defendant lacks sufficient information to form a basis as to the truth of the allegations in Paragraph 124 and on that basis, Defendant denies any allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant states that Paragraph 127 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

128. Paragraph 128 of the Complaint is a statement of reference, not subject to admission or denial.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

129. Defendant denies the allegations in Paragraph 129.

130. Defendant lacks sufficient information to form a basis as to the truth of the allegations in Paragraph 130 and on that basis, Defendant denies any allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant states that Paragraph 134 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

135. Defendant states that Paragraph 135 of the Complaint purports to allege relief to which Plaintiffs claim to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Legal Claim)

The allegations in the Complaint, both individually and collectively, fail to state facts sufficient to constitute a cause of action against Defendant.  Moreover, the Complaint is vague, ambiguous, and unintelligible and Plaintiffs are therefore barred from recovery.

### SECOND AFFIRMATIVE DEFENSE

### (Breach of Condition Precedent)

Defendant is informed and believes and thereon alleges that the improper conduct of Plaintiffs and other parties, as well as the failure to give written or other

14

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

notice as required under the applicable statutes, constituted a breach of conditions precedent to any right or theory of recovery against Defendant which might otherwise apply.

### THIRD AFFIRMATIVE DEFENSE

### (Mitigation)

Defendant is informed and believes and thereon alleges that Plaintiffs' failure to exercise reasonable care in caring for any injury, damage or loss, preventing the aggravation thereof, or to reduce or mitigate Plaintiffs' alleged damages, if any, are the result, in whole or in part, of Plaintiffs' failure to exercise reasonable care to reduce or mitigate Plaintiffs' damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovering any legal and/or equitable relief against Defendant due in part or whole to Plaintiffs' contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovering any legal and/or equitable relief against Defendant due in part or whole to Plaintiffs' comparative negligence and/or fault.

### SIXTH AFFIRMATIVE DEFENSE

### (Apportionment)

Defendant is informed and believes and thereon alleges that superseding, intervening acts or omissions of persons or entities other than the Defendant proximately and/or legally caused and/or contributed to injuries and/or damages sustained or suffered by Plaintiff, if any, in that said persons or entities, and each of them, were reckless, careless and/or negligent, and such recklessness, carelessness, or negligence proximately and/or legally contributed to the loss,

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

injury, damage or detriment alleged in the Complaint, if any.  As such, the damages recoverable by Plaintiff in this action, if any, must be diminished in proportion to the fault attributable to such other persons or entities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each and every cause of action therein, are barred by the statutes of limitation set forth in California Code of Civil Procedure sections 337(1), 337(3), 338, 339(1), 339(3), 340(1), 343, Commercial Code section 2725, sections 1783 and 1791.1 of California's Civil Code, and/or any other applicable statute of limitation(s).

## EIGHTH AFFIRMATIVE DEFENSE

### (Legal Causation)

Defendant is informed and believes and thereon alleges Plaintiffs' injuries and/or damages, if any, were not proximately or legally caused by any act or omission of Defendant. Moreover, any breach of warranty and/or contract of any kind by Defendant was neither the cause in fact nor the proximate cause of Plaintiffs' damages, but rather were secondary, indirect, and inconsequential.

## NINTH AFFIRMATIVE DEFENSE

### (Misuse of Subject Vehicle)

Defendant is informed and believes and thereon alleges that the subject vehicle was not being used in the manner and for the purpose for which it was intended, and that the subject vehicle was subjected to unintended or unauthorized use.  Plaintiffs' injuries and/or damages, if any, were proximately or legally caused by the misuse and/or unreasonable and improper use of the subject vehicle by Plaintiff.  The misuse and/or unreasonable and/or improper use and/or unintended use of the subject vehicle caused or contributed in whole or in part to the loss, damage, injury, or detriment, if any, alleged in the Complaint.  Plaintiff knew, or

16

should have known, that the subject vehicle was not used in a proper manner and that such use could cause damage.  Therefore, any damages recoverable by Plaintiff must be reduced in proportion to the amount of fault attributable to such misuse or unreasonable or improper use.

## TENTH AFFIRMATIVE DEFENSE

### (Modification of Subject Vehicle)

Defendant is informed and believes and thereon alleges that the subject vehicle was not defective or unmerchantable when it left the possession, custody, or control of Defendant.  Plaintiffs are barred from any recovery under the Complaint because damage and/or problems with the subject vehicle, if any, were caused by changes, modifications, and/or alterations to the subject vehicle made after the manufacture and/or sale of the subject vehicle by persons or entities other than the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Disclaimer)

Defendant is informed and believes and thereon alleges that Defendant disclaimed, renounced, cancelled, and excluded all warranties of the type alleged herein before and at the time of the alleged acts or omissions by Defendant alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Statutory Requirements)

Defendant is informed and believes and thereon alleges that Plaintiffs' causes of actions and claims are barred by Plaintiffs' failure to comply with statutory requirements prior to filing suit.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Allow a Cure)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred from obtaining the relief sought in the Complaint on the grounds that

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

Plaintiffs have failed and refused to allow Defendant a reasonable opportunity to cure any alleged breach by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Release and Settlement)

Defendant is informed and believes, and thereon alleges that Defendant has been released from any and all causes of action and claims alleged in Plaintiffs' Complaint, and/or the parties have already formally settled this matter.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Inadequate or Improper Maintenance)

Defendant is informed and believes and thereon alleges that Plaintiffs' damages, if any, were legally and proximately caused, contributed to, or aggravated by the negligent, careless, reckless, knowing and/or willfully improper service and/or maintenance of the subject vehicle by Plaintiffs' and/or Plaintiffs' agents, employees, or representatives. Defendant is informed and believes and thereon alleges that Plaintiff negligently, carelessly, recklessly, knowingly and/or willfully failed to repair or improperly repaired the subject vehicle, knowing that the vehicle was in need of repair. Therefore, any damages recoverable by Plaintiffs must be reduced in proportion to the amount of fault attributable to such improper service, maintenance, and/or repair.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Subject Vehicle in Conformity)

If it is determined that the subject vehicle failed to conform to any applicable warranty extended by Defendant, Defendant alleges that the subject vehicle is now fully in conformity with such warranty.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Substantial Impairment)

Defendant is informed and believes and thereon alleges that the subject vehicle's use, value, or safety was not impaired by its condition.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consequential Damages)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovering consequential damages by applicable warranties and law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Give Proper Notice)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred in whole or in part from recovery by Plaintiffs' failure to give reasonable notice of the alleged defect or nonconformity to (1) the seller as required by California Commercial Code section 2607, and/or (2) the Defendant as required by California Civil Code section 1793.22 and/or any warranties or other documents provided to Plaintiff at the time of the sale of the vehicle.  Plaintiffs are further and independently barred in whole or in part from recovery by Plaintiffs' failure to give statutory notice as required by California Civil Code section 1793.94.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that Plaintiffs' recovery is barred by the doctrine of estoppel based on Plaintiffs' prior conduct in connection with the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred in whole or in part from any recovery by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and thereon alleges that Plaintiffs have waived the right to recover the relief sought in the Complaint, in whole or in part.

DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Privity)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovery because Plaintiffs and Defendant were not in privity of contract.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Defendant is informed and believes and thereon alleges that Plaintiffs were aware of all of the risks and dangers of Plaintiffs' conducts and that Plaintiff assumed the risk of injury, and that Defendant is not responsible in law or fact for Plaintiffs' injuries and/or damages, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and thereon alleges that Plaintiffs' recovery is barred by the doctrine of laches because of Plaintiffs' inexcusable delay in pursuing the claims in the Complaint and the prejudice caused thereby to Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Implied Warranty)

Plaintiffs' claim for breach of implied warranty of merchantability or fitness, if any, is barred to the extent it is untimely under the limitations set forth in the Song Beverly Act and/or based on Plaintiffs' failure to rightfully reject or justifiably revoke acceptance of the subject vehicle.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Purchase Outside of California)

Plaintiffs' claims, and each of them, are barred to the extent that the subject vehicle was purchased outside of the State of California.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

*///*

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

At this time, Defendant has insufficient information upon which to form further affirmative defenses, beyond those which are set forth elsewhere herein. Defendant reserves the right to allege and assert additional affirmative defenses in the event that it discovers information indicating that such defenses would be applicable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Party)

Plaintiffs have failed to name or join an indispensable party or parties to the present action, including, but not limited to: (1) any persons or entities who may have an ownership interest in the subject vehicle, and (2) any other persons or entities who may have or claim to have a right to recover any of the damages or other remedies sought by the Plaintiff herein.

## THIRTIETH AFFIRMATIVE DEFENSE
### (One-Satisfaction)

Plaintiffs should only recover for the injury and/or damages sustained once. Plaintiffs cannot recover for the same injury and/or damages from multiple sources. Therefore, Plaintiffs cannot, among other things, recover the same damages and/or remedies from multiple parties. Furthermore, Defendant may move to have any damage award reduced by any compensation the Plaintiffs have received for the same harm.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Sufficient compensation by way of monetary damages is available to Plaintiff, and therefore Plaintiffs are not entitled to declaratory, injunctive, and/or equitable relief of any kind.   Injunctive and declaratory relief will not be granted

21

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

where there is a plain, complete, speedy, and adequate remedy at law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

Plaintiffs' claims and right of recovery as to each of them, are barred by the doctrine of collateral estoppel.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiffs' claims and right of recovery as to each of them, are barred by the doctrine of res judicata.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action Settlement)

Plaintiffs' claims and right of recovery as to each of them, are barred pursuant to a prior class action settlement that Plaintiff did not opt out of.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Particularity)

Plaintiffs have failed to allege Plaintiffs' causes of action with sufficient particularity.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

Defendant is informed and believes and thereon alleges that Plaintiffs are barred from asserting a contrary claim or theory of liability as to Defendant via Judicial Estoppel.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defendant's Good Faith)

Plaintiffs' prayer for a civil penalty under the Song-Beverly Act is barred by Defendant's reasonable and good faith belief that it had complied with its obligations, if any, under the law and any in accordance with any applicable warranty.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

/// 

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Civil Code Section 1794(e)(3))

Defendant is informed and believes, and on that basis alleges, that Plaintiffs have failed to provide written notice under Civil Code Section 1794(e)(3), therefore, Plaintiffs' civil penalty claim is barred.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Unnecessary Attorney's Fees, Costs and Expenses)

Defendant promptly offered to repurchase Plaintiffs' vehicle prior to litigation. Therefore, under *MacQuiddy v. Mercedes Benz, LLC* (2015 233 Cal.App.4th 1036, Defendant disputes that the attorney's fees, costs or expenses incurred by Plaintiffs are recoverable.

## FORTIETH AFFIRMATIVE DEFENSE

### (Excuse from Performance)

As to the Song-Beverly Act causes of action, Defendant is excused from repurchasing the vehicle pursuant to Civil Code section 1793.2, subdivision (d)(2)(B) because it promptly made the offer to perform, but Plaintiff prevented the repurchase from taking place. (Civ. Code, §§1511, 1512.)

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Excuse from Performance)

Any obligation by Defendant to repurchase the vehicle was extinguished because Defendant offered to perform pursuant to Civil Code section 1793.2, subdivision (d)(2)(B). (Civ. Code, § 1485.)

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Pre-Judgment Interest)

Plaintiffs are not entitled to recover prejudgment interest and even if they were, interest stopped accruing at the moment  offered to perform by repurchasing the vehicle pursuant to Civil Code section 1793.2, subdivision (d)(2)(B). (Civ.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

Code §1504.)

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Prompt Repurchase Offer Precludes Civil Penalty)

Plaintiffs are not entitled to recover a civil penalty because Defendant promptly offered to repurchase the vehicle from Plaintiff in accordance with Civil Code section 1793.2(d)(2).

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Arbitration and Award)

Defendant is informed and believes, and upon such information and belief alleges, that this dispute is subject to a binding arbitration agreement.  Plaintiffs have agreed to binding arbitration of the claims alleged in this Action.  Defendant hereby asserts and preserves its right to arbitrate this action.


WHEREFORE, Defendant prays:

1.    That Plaintiffs will take nothing by Plaintiffs' Complaint;

2.    For Defendant's costs of suit herein;

3.    For attorney's fees; and

4.    For such other relief the Court deems proper.


DATED: August 19, 2025                THETA LAW FIRM, LLP


                                By:   _____
                                SOHEYL TAHSILDOOST
                                Sarah Suard
                                Attorney for Defendant TESLA, INC.

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

1
2
3
4

## CERTIFICATE OF SERVICE

5
6

    I hereby certify that on August 19, 2025, I filed the foregoing document

7

entitled **DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS'**

8

**COMPLAINT** with the clerk of court using the CM/ECF system, which will send

9

a notice of electronic filing to all counsel of record in this action.

10

                THETA LAW FIRM, LLP

11
12

        By: _____

13

                SOHEYL TAHSILDOOST
                Attorney for Defendant TESLA, INC.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT TESLA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**